By the Court. Woodruff, J
1. The charge of the Judge *515 on the trial is in substantial conformity with the requests made by the defendant’s counsel, except in one particular, viz., the fourth request. “ That unless the jury find that the plaintiff has proved that the sale was made in good faith and without an intent to defraud creditors, they must render a verdict for the defendant, even though there was an immediate delivery of the property, followed by an actual and continued change of possession.”
The Judge very properly refused so to charge. The counsel proposed to impose upon the plaintiff the same burden of proof where he purchased and took and retained actual and continued possession, as the statute casts upon him when the possession is not changed or when the change is not continued. The law does not warrant any such rule. The plaintiff, being shown an actual purchaser, a payment of the consideration, and a taking and a keeping of the possession of the property, the burden of proof is cast on the defendant if he seeks to impeach the title on the ground of fraud. He must show that the transaction is fraudulent and with intent to hinder, delay, or defraud creditors. The case of Randall v. Parker, (3 Sandf. 69,) does not, therefore, apply to this case. What is said there of the duty of the plaintiff to show the absence of an intent to defraud, is applied only to a case in which the possession is not changed, &c.
2. We think the questions of fact, which the Judge submitted to the jury, were properly submitted. There was evidence for their consideration.
3. As to all of the exceptions to the ruling of the Judge, admit ting or rejecting evidence, we find one only which we think was erroneous, or that furnishes any ground for setting aside the verdict. That is the question put to the wife of the judgment debtor (Hannan, the vendor of the property in question). She had testified that she knew of the plaintiff's lending her husband $2,000— which $2,000 was alleged to be the consideration of the subsequent sale. She had stated that she was not present at the sale, and did not know of it until they (plaintiff and her husband) told her. That she did not recollect when it was, but should think it was in the fall after the money was loaned. The plaintiff’s counsel then put the following question: “Did you hear any thing said before you heard the sale talked of?” This question was objected to by the defendant’s counsel. The objection was overruled, and *516 the defendant excepted. If we had not before us the answer of the witness, which throws some light upon the object oí the question, and what the plaintiff’s counsel intended to elicit, we should feel surprise that so loose and general a call, for mere hearsay evidence, should have been even suggested by counsel. It is true that the question does not expressly call for what was said, but it was manifestly understood to embrace that, and the objection was pointed to that. The witness so understood it, and so answered it. The question does not limit the inquiry to what was said by the plaintiff, or Hannan (the husband) or by the defendant—but, for aught that the question discloses, may embrace all the neighborhood. Nor does it call only for what was said in the presence of the plaintiff. But the answer of the witness points the question—she replied, “ I heard my husband say that he must sell out to my brother, (the plaintiff,) because he could not pay him the money.”
The answer makes apparent that the object was that which the respondent’s counsel, on the argument, insists made it proper, viz.: to show the intent of her husband in making the sale.
The end to be gained was, no doubt, material, but the means were not admissible. The evidence was mere hearsay, on a subject which could, and ought to be, proved by the husband himself. He could not, by such declarations to third persons, make evidence for the plaintiff. His declarations, (forming no part of the res gesta; the act of sale,) were not evidence of the facts declared, and no more evidence of an intent than of any other fact. A witness may be impeached by proof of declarations, out of court, inconsistent with his testimony, and there are, perhaps, cases in which an impeached witness may be shown to have told the same story out of court, which he has narrated under oath.. But the declaration of a third party, out of court, not examined as a witness, is not evidence of the fact stated in such declaration. It is mere hearsay, whether stated to his wife, or any one else. We find no ground upon which we can sustain the admission of this evidence. We regret to disturb the verdict, upon this ground, for we think the verdict would have been the same had not this test timony been received. The evidence is quite sufficient to warrant such a verdict. But we cannot say that this testimony may not have influenced the jury. The ruling, by which it was permitted *517 to be given, in effect, informed the jury that Hannan’s declaration was proper to be considered, in determining whether the sale was in good faith, and for value, and we cannot say that they did not place reliance upon it.
Upon this sole ground, then, we feel constrained to set aside the verdict, and order a new trial, costs to abide the event.