By the Court. Bosworth, J.
The decision of the General Term, in April, 1853, made in an action between the parties to the one now before us, has disposed of most of the questions presented by this appeal, 5 Duer, 517.
That decision determines that the plaintiff can maintain this action, and that no acts of the mortgagor, subsequent to *477 the issuing of the policy, can affect the plaintiff’s right to recover. 0
The exception to the testimony of Kellogg, in relation to the conversation between him and the company, at the time he applied for the policy, cannot be of any avail to the defendants.
The construction given to the policy, by the decision previously referred to, made it an insurance protecting the interest of the plaintiff, as mortgagee. If that is the legal effect of the policy, the testimony excepted to could not, possibly, have prejudiced the defendants in the decision, of any question, made by the Court, or submitted to the jury. This testimony established that the company had express notice at the time of issuing the policy, of the interest of the plaintiff, and that the insurance of his interest was an object sought to be secured by the policy which the company was solicited to issue. Although such notice cannot alter the clear meaning of any word contained in the policy, yet, the evidence places the Court in the position which the parties occupied at the time they contracted, and enables it to construe the policy, in the light of the facts and circumstances existing and present to the minds of the parties at the time it was made.
If the Court has not erred in its construction of the policy, the defendants have not been prejudiced by the decision admitting the evidence. A new trial cannot be granted, because such evidence was admitted.
The objection to the decision refusing to strike out the testimony of Kellogg, is not well taken. The action was not prosecuted for his immediate benefit, and mere interest in the event would not exclude him. It was not prosecuted for his “ immediate benefit,” within the meaning of those words as used in § 399 of the code.
Unless McCarty, whose bond and mortgage Kellogg had transferred to the plaintiff, with a guarantee of payment of the amount secured by them, had become irresponsible so that the amount could not be collected of him, Kellogg can hardly be said to be interested, m a legal sense, in the event of this action. There is no evidence that McCarthy is unable to pay. If he has means sufficient to pay, which can be reached by due course of *478 law, then Kellogg will sustain no actual loss, if the plaintiff should fail in this action.
It is not a case in which Kellogg has a right to receive the verdict if collected.
A recovery of it, and an application of it, upon the bond and mortgage assigned, will satisfy Kellogg’s guaranty pro tanto, and extinguish, to a corresponding amount, the liability of McCarty. And Kellogg may be benefited by being saved the necessity of advancing the money to the plaintiff, and of then resorting to McCarty for reimbursement.
Butler v. Patterson, 3 Kern. 292, seems to approve of the decisions of this Court, which are cited in it, and which are sufficient to dispose of the question. (Freeman v. Spalding, 2 Kern. 373.)
Kellogg is not a witness who would gain, even indirectly, to the extent of the verdict, if the plaintiff recovered, and lose a corresponding amount if the plaintiff should be defeated. As the facts before us exhibit the witness, he was, at most, merely interested in the event, and his testimony could not be excluded on the ground on which its rejection was asked.
Heither is the defendant entitled to have one-third of the price, for which this and two other lots were sold on the foreclosure, deducted from the verdict.
It does not appear that the foreclosure occurred before this action was brought.
Ho such claim is set up in the answer.
It is not unreasonable to conclude, that the evidence in relation to the foreclosure of the mortgage was given to make such a case, as would show that Kellogg was an incompetent witness. Hence, when his testimony was concluded, the defendant moved that the whole of it he stricken out, “forasmuch, as it appeared, the action was prosecuted for his benefit.” The facts proved in relation to the foreclosure of the mortgage, were not embraced within any issue made by the pleadings, and, therefore, cannot properlv be made the basis of any affirmative or special relief. Code, § 275.
Bruzill v. Isham and Earle, 2 Kern. 9.
If the defendants are entitled to all the security which the plaintiff holds, or to one third of the whole proceeds of the sale of the *479 three lots, or to the proceeds of the sale of the lot on which the insured building stood, the nature and extent of the defendants’ rights cannot be completely determined, except in an action to which Kellogg and McCarty are also parties.
But without placing our decision upon this ground, we think it sufficient to say that no deduction can be made in this action, for the reason that no such claim is asserted, or alluded to in the answer. It does not contain any allegations, which, if proved, would support such a claim.*
It is by no means clear that the Court, at the trial, could have ordered an amendment authorizing a new and distinct defence. It might amend so as to obviate such a variance between an allegation by which it was attempted to set up a defence, and the proof, as would not actually mislead the adverse party, to his prejudice, in maintaining his action. Code, § 169.
Facts constituting a distinct defence occurring after answer put in, or of which the defendant was then ignorant, should be set up by supplemental answer—on a motion, for that purpose-Code, § 177.
But permission to amend the answer was not asked.
We think the plaintiff should have judgment on the verdict.ϯ

 McKyring v. Bull, 16 N. Y. R. 297.

 In. a case between these parties, on a policy, in terms, like the one in question, decided in April, 1866, this Court held, that no discrimination could be made “ between the rights of a, mortgagee, situated, with respect to an insurer, as the present plaintiff is, and those of a mortgagee to whom a policy, in precisely the same words (with the exception of the words, ‘loss, if any, payable to Seth Grosvenor, mortgagee,’) has been assigned, with the express assent of the insurer, evidenced as the policy requires.” 5 Duer, 511, 532, and 531, and id. 524-5.
This Court also held, that, inasmuch as it had been decided in The Traders' Ins. Co. v. Robert, 9 Wend. 404; and in Tillou v. Kingston Mu. Ins. Co., 1 Seld. 405, that, after such an assignment of a policy to a mortgagee, no subsequent acts of the mortgagor could operate to prevent a recovery upon the policy by the mortgagee, in case of a loss by the perils insured against; this plaintiff was entitled to the application of the same rule, and that his right to recover was not affected by any acts of the mortgagee subsequent to the issuing of the policy. The case, (reported in 5 Duer, 517,) was carried, by appeal, to the Court of Appeals, and decided by that Court at its June Term, 1858. 17 N. Y. 391.
That Court held, as this had, that no discrimination could be made between the rights of Grosvenor, and of Robert, as mortgagees. (17 N. Y. 395.)
But that Court being of the opinion, that The Traders' Insurance Company v. Robert, *480 “was decided upon mistaken views of the law, applicable to the question involved, and that the decision of the Supreme Court never had the sanction of the Court for the Correction of Errors,” and that the case of Tillou v. The Kingston Mu,. Ins. Co., was determined by the Court of Appeals, “upon a misapprehension of what had been before adjudicated,” (id. 400,) regarded the question as yet open for the consideration of that Court, and overruled those two decisions,* and reversed the judgment of this Court which conformed to them: they being decisions, which it was the duty of the Court to follow.
In The Buffalo Steam Engine Works v. The Sun Mutual Insurance Company, 17 N. Y. R. 401, the Court of Appeals decided, that where a policy of insurance is assigned, with the consent of the insurer, to a mortgagee of the property insured, the assignee takes subject to the conditions imposed by the terms of the contract upon the person insured, and such assignee’s right to recover, in case of a loss, is barred by a breach by the assignor of such conditions, subsequent to the assignment. That Court so held, where the owner of a vessel procured a marine policy upon her) the insurer knowing at the time that the owner was indebted to the plaintiff for an engine furnished the vessel; that he was to mortgage the vessel to secure such debt, and that his object in obtaining the policy was to assign it, as security for the debt. The policy contained permission to insure $40,000, and to assign the policies. After assigning the policy, the mortgagor effected an over-insurance, and this was held fatal to a recovery by the assignee.