Cooley, Ch. J.:
The complainant filed her bill to enjoin the sale of lands to which she had the legal title, on an execution against her husband in favor of the defendant Bowman. The lands had been *183 levied upon under a claim that they had been conveyed by the husband to complainant without consideration, and with intent to defraud Bowman.
The deed of the lands to complainant by her husband bears date October 26, 1871, and was executed and *acknowledged on that day. There was then no indebtedness by the husband to Bowman, but the latter made claim against him for negligently setting a fire which spread to Bowman’s lands and caused him serious injury. The validity of this claim was not recognized, and on the seventh day of November, 1871, Bowman brought suit for this negligent injury, which resulted in a judgment two years later for one thousand dollars damages and the costs of suit. It is by virtue of an execution on this judgment that it is proposed to sell the land in controversy.
This statement of the facts will show that the conveyance of the lands to complainant could not have been intended to delay or defraud a creditor, for Bowman was not a creditor at the time. He made claim for damages' sustained by him from the wrongful act of the husband, but the demand was unliquidated; it sounded in tort, and it could not become a debt until it should have been prosecuted to judgment. He had only a disputed claim, not based upon or growing out of a contract, and was no more a creditor than if his injury had come from a battery or a false imprisonment. He had a claim for redress, but he held no debt.
We are not disposed, however, to decide this case on any narrow ground, because we think if Bowman had recovered his judgment before the conveyance had been made to complainant he would still have failed in making out his defense. The complainant asserts that the deed to her was made in satisfaction of loans which she had previously made to her husband, of moneys which she inherited, and which with interest nearly equaled the value of the land; and we think this claim is sustained by the evidence.
No attempt is made to disprove the fact that complainant inherited the moneys as she claimed, or that they went into the possession of the husband and were used by him. On this *184 point the evidence is full and satisfactory, and both the husband and wife testify that the husband received them as a loan. If such was the ease, — as we must find from *the evidence that it Was, — then the husband had a clear and undoubted right to pay the debt at any time, in money or in property, and if necessary, to prefer his wife over other creditors in so doing. Our law permits a debtor to give preferences among creditors; and he may prefer his wife as a creditor with quite as much justice and propriety as any other.
Much stress is laid in this case on certain suspicious circumstances attending the dealings between Mrs. Hill and her hus-. band, which it is insisted are evidence that their motives have been fraudulent and their pretenses dishonest. The following are enumerated: The husband conveyed all his property; there was no change in the possession, but he still continued to cultivate and enjoy the land; the conveyance was secretly made, and was not recorded until some time afterwards, and then only on the grantor advising it; it was made after suit threatened, and it was made to his wife. It is also claimed that certain notes from the husband to the wife, which they produce as evidence of the loans, bear on their face evidence that they were not written at different times as the parties pretend, and it is argued that they were manufactured for the purposes of this suit. Some unfavorable inferences are also drawn from the testimony of the complainant.
If there were any real doubt of the husband having had complainant’s money, as-she asserts that he did, the circumstances to which our attention is called would receive due attention as having some tendency to show that the whole transaction was one entered upon and carried out under false pretenses. But when we find the indebtedness satisfactorily established, all these circumstances go for nothing. The husband had a right to pay her, and she was under no obligation to put the deed immediately on record, or to take upon herself the management of the farm. — See Page v. Kendrick, 10 Mich., 300. The fact that suit against her husband was threatened might even have been the motive with her for insisting upon pay *185 ment, and still this would *not affect her rights. And if we were satisfied that the notes which have been alluded to were made on an after-thought, the fact would not render the conveyance fraudulent. The debt existed independent of the notes, and the right to payment upon it would not be affected by any weak, foolish or even criminal conduct in an attempt to sustain the case by manufactured evidence. But we do not say or intimate that in our opinion the notes were not made at the times they purport to have been.
On the whole, we think complainant was entitled to the relief prayed. The decree of the circuit court in chancery must be reversed, and decree entered in this court according to the prayer of the bill, with costs of both courts.
The other justices concurred.