EDGAR LOOMIS v. JOHN SMITH, JR.

*Bona fide transfer before Levy a Bar to Execution.*

An execution cannot be levied on land to which the debtor has no right except as a trustee in good faith. So *held* where, without fraud, the debtor had sold his interest in his own contract to buy the land and had agreed to assign it when the purchase price was fully paid ·him, and had afterwards assigned his interest in this latter agreement to his wife for a *bona fide* previous indebtedness to her.

Appeal from Calhoun. Submitted October 25. Decided November 1.

BILL IN AID OF EXECUTION. The facts are in the opinion.

*Willis S. Geer* for complainant and appellant.

*Brown & Patterson* and *Francis A. Stace* for defendants.

COOLEY, C. J. This is a bill in aid of an execution. The complainant's judgment is against John Smith, junior. An execution issued upon it was levied July 30, 1870, on certain lands in Calhoun county. The only interest which Smith is shown to have had in these lands was acquired by a contract for the purchase thereof between himself as purchaser and Joshua and Susan Wright as vendors, bearing date in November, 1866, and still unperformed by him. March 1, 1870, Smith sold his interest in this contract to Melvin L. Clute, receiving $250 in land, and agreeing to assign it on the first day of October following, when the balance of the purchase price, some $572, was paid. April 18, 1870, Smith assigned to his wife all his interest in the contract between himself and Clute. The sale to Clute and the assignment to Mrs. Smith are thus shown to have preceded the levy, and if they were valid, they divested the execution debtor of any interest in the land whatever. The substantial interest in the Wright contract had passed to

Clute, to the extent of the payment made by him, and to Mrs. Smith to the extent of what still remained to be paid by Clute on his purchase; and Smith merely held the contract in trust for them respectively.

This view is conclusive of the case unless one or both of these transactions was fraudulent. It is not claimed that the sale to Clute was a fraud, but it is urged that fraud is shown in the transaction between Smith and his wife, which was entered into by the latter with full knowledge of Smith's indebtedness. On that subject we have evidence which satisfies us that the Clute contract was assigned by Smith to his wife for a *bona fide* indebtedness, the origin of which was a loan of money by her to him, and that the assignment was fair and reasonable. Some circumstances to which our attention is called, and which are supposed to indicate a fraudulent purpose on the part of Smith and his wife, and a fraudulent attempt to cover up property from the reach of creditors, do not satisfy us that Mrs. Smith has been connected with any fraud; still less do they take from her the right to bargain with her husband for payment of the amount justly due her.

The decree dismissing the bill must be affirmed with costs.

CAMPBELL and GRAVES, JJ., concurred.

MARSTON, J., did not sit in this case.