CHARLES T. ALLEN v. JAMES S. ANTISDALE AND HANNAH W. ANTISDALE.

*Fraudulent conveyances—Indebtedness of husband to wife.*

A bill in aid of execution for partnership debts was levied on lands supposed to belong to one of the firm, but standing in his wife's name. *Held* a valid defense that the husband had conveyed them to his wife in payment for loans made by her to him, and not necessarily discredited by the non-existence of any written evidence of the debt, or of any obligation to repay it.

Appeal from Branch. Submitted January 16. Decided January 22.

BILL in aid of execution. Complainant appeals.

*Loveridge & Barlow* (on brief) for complainant. The transfer of money by a wife to her husband without taking any note for its repayment or seeking its repayment for many years ought to be taken as conclusive

evidence that it was a gift, *Campbell v. Campbell,* 21 Mich., 443; *Cranson v. Cranson,* 4 Mich., 237; *Glover v. Alcott,* 11 Mich., 479; *Humes v. Scruggs,* 94 U. S., 22. The voluntary conveyance of property to one's wife is fraudulent and void as against existing creditors, *Wood v. Savage,* 2 Doug. (Mich.), 316; *Clarke v. McGeihan,* 25 N. J. Eq., 423.

*Upson & Thompson* (on brief) for defendant. The creditor of a partner has a superior equity to a creditor of his firm as regards his individual property, 1 Story's Eq. Jur., 675; Willard's Eq. Jur., p. 719; Adams' Eq., pp. 516–17, n. 1. A debtor's conveyance in payment of a precedent debt is not fraudulent as against other creditors, *Seymour v. Wilson,* 19 N. Y., 417; *Adams v. Wheeler,* 10 Pick., 199; *Wilson v. Ayer,* 7 Me., 207; Bump on Fraud. Con., pp. 178–9 [2d ed.], even though the creditor to whom it is made knows his debtor to be insolvent, id., pp. 182–3; *Hubbard v. Taylor,* 5 Mich., 155; *M'Menomy v. Roosevelt,* 3 Johns. Ch., 446; *Green v. Tanner,* 8 Metc., 411; preference may be given to any lawful demand whether due or not, and whether held by the debtor's wife, or attorney, or any one else, *Kaufman v. Whitney,* 50 Miss., 103; *Randall v. Lunt,* 51 Me., 246; *Hill v. Bowman,* 35 Mich., 191; *Patterson v. Fish,* 35 Mich., 209; even if the demand is barred, *French v. Motley,* 63 Me., 326. Whether a debtor's voluntary conveyance is fraudulent and void as against creditors is to be determined from all the circumstances, 1 Story's Eq. Jur., 362, 365; *Lerow v. Wilmarth,* 9 Allen, 382–6; *Hind's Lessee v. Longworth,* 11 Wheat., 199; *Gale v. Williamson,* 8 M. & W., 405; *Holden v. Burnham,* 63 N. Y., 74. The fact that a firm is in debt does not make its conveyance presumably fraudulent, *Dudley v. Danforth,* 61 N. Y., 620.

COOLEY, J. This is a bill in aid of an execution issued on a judgment against James S. Antisdale, and levied upon real estate, the title to which stands in the name of Hannah W. Antisdale, the wife of the judgment debtor.

The lands which the bill seeks to subject to the execution formerly belonged to James S. Antisdale, and with the exception of one parcel, were conveyed by him directly to his wife. The one parcel referred to came to her indirectly by the conveyance of a third person, to whom it had been transferred, and who had failed to pay for it. The debt on which the judgment was rendered was a partnership debt of the firm of Antisdale & Levacrid, of which the husband was a member, and accrued previous to the conveyances to the wife. The evidence leads to the conclusion that this firm was in good credit until after the conveyances, and whether solvent or not, was supposed by its members to be so. Before this suit was commenced, the firm was in bankruptcy.

The wife claims the lands by purchase. It is not claimed by her that any money or other thing of value was paid by her at the time the conveyances were made, and complainant insists that none ever was. To prove this he put her upon the stand, and she testified that many years ago she received moneys from her father's estate, and small amounts from other sources, which were her own property, and which she loaned to her husband; and that it was in payment of these loans that the lands were deeded to her. If her testimony is reliable, she makes out a sufficient consideration; but it is claimed to be untrustworthy for the reason that, as she shows, she took no written evidence of the loans when she made them, and did not even make any written memorandum thereof. This, it is urged, is satisfactory evidence that loans were not intended or contemplated, but that the moneys were delivered to the husband as gifts.

The circumstance that no written evidence of the loans was taken or made is one of some importance as bearing upon her credibility, but unless there is other evidence tending to discredit her statement, it would not justify the rejection of testimony not intrinsically improbable,.

and apparently given with candor. It would at most be only a suspicious circumstance, and open to explanation.

It is not intrinsically improbable that a wife would loan money to her husband without taking his obligations therefor, or that she should allow the debt to remain unpaid for many years without written evidence of it. The confidence inspired by the relation might induce this, and the loan would not be likely to be called in so long as it seemed best for the general interest of the family that the husband should be allowed to make use of the money. See *Sexton v. Wheaton,* 8 Wheaton, 229, 239. And we find nothing in Mrs. Antisdale's testimony that impresses us with any want of fairness or integrity.

As the case stands mainly on the testimony of this defendant, which is not shaken by that of other witnesses, and as her husband had a right to pay her in this way, we think the court was right in dismissing the bill, and the decree must be affirmed with costs.

The other Justices concurred.