MARGARET E. JORDAN v. JOHN B. WHITE ET AL.

*A wife can be preferred to other creditors.*

A husband who is indebted to his wife may prefer her to other creditors, and can transfer his property to her to apply on the debt even if it defeats the collection of other debts.

The use of property for the payment of a debt is lawful even though intended to cut off the redress of all other creditors.

A sale not made in payment of a debt is void as against creditors if made to delay or defraud them and to enable the debtor to put his property in a shape in which they cannot reach it; sales on long time or for assets not readily convertible nor subject to levy may be of this class.

Error to Saginaw. Submitted Jan. 10. Decided Jan. 29.

TROVER. Plaintiff brings error.

*J. H. McDonald* and *B. M. Thompson* for plaintiff in error. Where the parties to a sale are intimately associated, as by marriage, they do not have to show the same signs of actual and continued change of possession as is required of strangers, *Curry v. Ellerbe,* 1 Bailey (S. C.), 578; *Howard v. Williams,* id., 575; *Kid v. Mitchell,* 1 N. & M. (S. C.), 334; *Jacks v. Tunno,* 3 Dessau. (S. C.), 1; *Smith v. Littlejohn,* 2 McCord (S. C.), 362; *Braxton v. Gaines,* 4 H. & M. (Va.), 151; *Wash v. Medley,* 1 Dana (Ky.), 269; *Enders v. Williams,* 1 Metc. (Ky.), 346; *Dodd v. McGraw,* 8 Ark., 83; *Danley v. Rector,* 10 Ark., 211; *Clayton v. Brown,* 17 Ga., 217; *Goodwyn v. Goodwyn,* 20 Ga., 600; *McVicker v. May,* 3 Penn. St., 224. A contract of sale between husband and wife or parent and child is not presumptively fraudulent, *Naylor v. Middleton,* 2 Madd., 410; *Sterling v. Ripley,* 3 Chand. (Wis.), 166; *Wightman v. Hart,* 37 Ill., 123; *Dunlap v. Bournouville,* 26 Penn. St., 72; *Wilson v. Lott,* 5 Fla., 305; *Montgomery v. Kirksey,* 26 Ala., 172; *Kane v. Drake,* 27 Ind., 29; *Hempstead v. Johnston,* 18 Ark., 123; *King v. Russell,* 40 Tex., 124; *Shearon v. Henderson,* 38 Tex., 245; *Clarke v. McGeihan,* 25 N. J. Eq., 423.

*Wisner & Draper* for defendants in error.

CAMPBELL, C. J. Defendants are sued for the seizure on attachment of certain property as belonging to the husband of plaintiff which she claims to have taken from him in payment of an antecedent debt. The defense rests on a claim that the sale was fraudulent.

Plaintiff introduced testimony which, if true, showed conclusively a valid title. She proved that her husband's business had been set up on money which she had advanced to him out of her own estate, and that his books had shown from the beginning that she was credited with these advances as a loan, and also that some time before any suit was commenced against him he transferred the property to her, and she removed it to a store rented by herself and opened a new set of books, putting her husband and a former clerk in charge of the business on her account.

While 'the record contains several questions closely connected with each other, the real questions were narrow, and presented but two issues, viz.: *first*, whether the husband was honestly indebted to the wife; and *second*, whether he transferred the property to apply on that debt. If these two conditions existed, he had a right to sell and she had a right to buy, and such a transaction cannot be complained of by other creditors, although it may hinder and delay or even entirely defeat the collection of their debts. Whatever may be their remedy in the bankrupt courts, such preferences are lawful under the State laws: this doctrine was so fully discussed and settled in *Hill v. Bowman*, 35 Mich., 191, that we need not elaborate it. That case was not reported in the regular series of reports when this cause was tried in the circuit court.

The hindrance and delay complained of were the withdrawal of the property in question from liability to seizure for other debts. If Mrs. Jordan was not herself a creditor, she had no case, as she did not claim to be a purchaser for new payments. If she was such a creditor and took the goods upon her debt, her rights were clear.

Charges were asked in two or three different forms, which presented her claims in the precise form indicated as giving them validity. As this was the only matter really in controversy (for she had no rights on any other

theory) she was entitled to have the points clearly and plainly presented. The court refused to give the charges asked. She claims that this refusal was not corrected by the charges given.

We think the charges given did not present these questions without such qualifications as tended to create a wrong impression. The general effect of the charge is to create the idea that a wife cannot deal with her husband in obtaining payment of her debts due from him, on the same terms which would be allowable to other creditors. And in giving the charge on the particular question involved, the court appended conditions which were likely to do her wrong.

The charge was "she would have a perfect right, then, to purchase the entire stock of goods owned by him at that time, *provided it was not done to injure some third party.* And he would have a perfect right to sell to her, and the sale would be lawful under the laws of this State, though she was his wife, provided it was not done with the intent to injure any person. But a sale made to hinder, delay, or defraud the creditors of a party is fraudulent, and if the buyer has notice of the intent of the seller to defraud his creditors, and buys with that notice to aid and assist him in carrying out that purpose or plea, then such sale is fraudulent and void as to the creditors of that party."

This doctrine is entirely true as to purchasers who are not creditors, and whose purchase, even though for value, may enable a debtor to convert his means into a shape which may prevent his creditors from reaching them. Sales on long time, or in exchange for assets not readily convertible, and not subject to levy, or in any other way preventive of practicable redress, may come within the mischief of the law, because they are equally injurious to all his creditors, and unjust to all alike.

But where property goes to pay an honest debt, that use of it is lawful, although it may cut off the redress of all others, and although intended so to do. And all the qualifications of delay and hindrance in such a case will not make the act fraudulent. The jury must have

understood from the charge that an intentional delay and hindrance was always fraudulent. The language will bear no other meaning, and the circuit judge probably entertained the same view held in the circuit court in *Hill v. Bowman*, which was reversed in this court. If this was not so, there was no reason for refusing to charge, as he was requested, that there was no fraud if the property was actually made to pay a debt justly due plaintiff.

The court below also made a statement to the jury in which, probably through inadvertence, an important fact was asserted which was not admitted, but which was directly controverted by all the testimony given on the subject. Among other circumstances to which he called their attention as badges of fraud, was the fact "that no memorandum or account of the money claimed to have been loaned was kept," and "that no evidence of the indebtedness was taken by the plaintiff." What may have been the fact as to proof of any evidence taken by the plaintiff is not set out. But the evidence of Mr. Cooney, the partner of Jordan when he first entered into business, is positive that the capital put into the business was credited to Mrs. Jordan on the books of the firm. No attempt was made to contradict this, and there is no statement that there was any evidence inconsistent with it. The manner in which this was laid before the jury as a circumstance which might authorize an inference of fraud, was calculated to bias them unduly, and was unjust to plaintiff.

The great body of the record relates to questions which possess no materiality except upon the theory that the transaction was entirely fictitious, and we need not consider it. If there was no debt due plaintiff, it all becomes immaterial, as she set up no other consideration. If there was such a debt, and the property was taken in payment, then its effect on other creditors could not destroy her rights. There is no occasion, therefore, to examine the questions belonging to any other theory.

38 MICH.—33.

The judgment should be reversed with costs and a new trial granted.

The other Justices concurred.