THEODORE S. DARLING v. THOMAS HURST, ELIZABETH HURST, MARY HURST, SARAH A. HURST, ALEXANDER T. HURST, JACOB R. VREELAND, HENRY H. HAWKINS AND LEVI L. BARBOUR.

*Witness—Reliance on adversary's testimony.*

Where a bill in equity charges on information and belief that a transaction is fraudulent, and the answer directly denies it, the complainant has the burden of showing it to be so by independent evidence.

Where complainant makes defendant his sole witness to show fraud on the latter's part, he cannot discriminate between such testimony as favors his case and such as does not, where it is all equally probable, merely on suspicion that the unfavorable testimony is false.

Appeal from Superior Court of Detroit. Submitted October 25. Decided November 22.

BILL TO SET ASIDE conveyances. Defendants appeal.

*Moore & Moore* and *Henry M. Cheever* for complainant.

*Alex. T. Hurst* and *Alfred Russell* for defendants.

GRAVES, J. This is a case in equity where the complainant seeks in aid of execution levies, to have certain transfers made by the debtor, Thomas Hurst, and also some other entanglements set aside on the ground of being fraudulent against creditors.

Besides grants made to his children, he conveyed to his wife, the defendant Elizabeth, lots one and two of Scoville & Whipple's subdivision of part of the Loranger farm, and which were worth about $4000.

The deed was given June 14, 1875, and it stated the consideration at $4105. The conveyances to his children, which were made at the same time, embraced the residue of a large estate and left nothing for creditors.

The cause was heard on pleadings and evidence, and

the court granted the relief asked and set aside the grant to Mrs. Hurst with the others. She appealed and the only question in this court is whether upon the matters in the record the case alleged against her is made out. The case has been well presented and counsel have brought the controversy within very narrow limits.

The suit was brought originally by Sylvester Noble, Darling the present complainant being a defendant, and the original bill filed by Noble called for answers on oath, and Mrs. Hurst so answered. Darling did not defend. Subsequently Noble conveyed his interest to Darling who proceeded to perpetuate the suit by supplemental bill in his own name, as complainant, leaving Noble out entirely. In this bill it was stated that answers upon oath were waived. In answering it Mrs. Hurst simply reaffirmed her former answer except the addition of a single fact of no present importance by way of supplement.

After setting up the proceedings at law and the several transfers, including the conveyance from defendant Thomas to his wife, the bill says: "Your orator charges upon information and belief that each and all of said conveyances and said assignment from said Thomas Hurst, were made wholly without consideration and for the express purpose of cheating, injuring and defrauding your orator and the other creditors of said Thomas Hurst, and to hinder and prevent your orator and the other creditors from enforcing their said claims against said Thomas Hurst." Such is complainant's case against Mrs. Hurst as charged in the bill.

The answer denies the allegation and insists that the deed was in consideration of an actual indebtedness to her from her husband of $4105.47.

The issue is plain. The complainant brings his charge and the defendant denies it.

No question has been made upon the circumstance that the bill filed by Darling after the answers on oath required by the first bill and which is made a basis of

the later proceedings, calls for answers without oath; and perhaps it is not necessary to discuss this feature.

It is an elementary principle for which no authority need be cited, that he who impugns a transaction as fraudulent, which may or may not be so, is not sustained by his own assertion alone in case he is disputed, but has the burden on him to make his allegation good by independent evidence. This principle applies to the issue made up between these parties.

The necessity of establishing by sufficient evidence, the charge in the bill against the deed to Mrs. Hurst, rests on the complainant, and the answer affords him no aid. Without extrinsic facts he cannot count on inferences, because independently of such facts there is no foundation for any inferences to sustain him.

Upon the pleadings alone it is plain the case would fail. The charge rests on information and belief, and is denied directly and positively. *Hill v. Bowman*, 35 Mich., 191; *Allen v. Antisdale*, 38 Mich., 229. Complainant has acted on this theory and has called witnesses to prove the allegation in the bill. But who are the witnesses? The two parties he charges with the very fraud in question. He makes the defendants, Thomas and Elizabeth, his witnesses to prove that the conveyance from one to the other was fraudulent.

This course is competent, but it is subject to its own risks and to those considerations which apply wherever one submits to a court to decide between him and his adversary upon the version of the latter. The whole of what is stated must be fairly considered, and while there is no rule which compels courts and juries to put aside their judgments and blindly accept whatever falls from a person on the witness stand, so there is none which sanctions arbitrary rejections of testimony.

There is no warrant in law or reason for any arbitrary discriminations, and the circumstance that a defendant on being called by complainant testifies under

the influence of interest, or under imputations of wrong doing, gives no right to the complainant to accept what appears favorable to himself, and to reject or ignore whatever tends the other way. *Roberts v. Miles,* 12 Mich., 297; *Roberts v. Gee,* 15 Barb., 449; *Elwood v. Union Telegraph Co.,* 45 N. Y., 549; *Lomer v. Meeker,* 25 N. Y., 361; *Carver v. Tracy,* 3 Johns., 427; *Wailing v. Toll,* 9 Johns., 141; *Newton v. Pope,* 1 Cow., 109; *Wilson v. Wagar,* 26 Mich., 452. There must be something more to justify such distinctions.

Now what do these defendants testify on being called by complainant as his witnesses? They swear positively that defendant Thomas, was indebted to his wife in a little more than $4000, and that he conveyed the lots in satisfaction of that indebtedness. They explain the transaction in this way. Both were employed for many years in the Marine Hospital, she receiving $200 per year in monthly payments which she handed over to her husband as it was paid to her. Both swear it was agreed between them that this salary should be her money and that he should be accountable to her for it with interest, and that adding the accumulations of interest the same had grown to be $4105 and a few cents in her husband's hands, and that the lots were transferred and accepted in payment.

This is the chief testimony the complainant offers to the court to maintain his allegation against Mrs. Hurst's deed and prove that it was given without any consideration. Strike out the testimony of these persons and the case against her conveyance falls to the ground.

With becoming candor counsel for complainant admit that she earned and received the salary; that it belonged to her as she received it; that she passed it to the hands of her husband from time to time as it was paid to her, and that the whole with interest was equal to the value of the lots when they were conveyed. It is denied, however, that Mr. Hurst became debtor to his wife for this money, and the ground is taken that she

merely put her earnings into the common purse as so much earned and obtained for the common benefit, and that neither regarded the money as her individual and separate property.

But how is complainant entitled to take this position? It is as plain a contradiction as possible of the testimony on the precise subject, and given by those the complainant voluntarily put upon the stand to be examined on that subject. It is not countenanced by conflicting statements from other witnesses, since there are none, nor justified by the supposition that the testimony concerning Mrs. Hurst's ownership of the salary after its being handed over to her husband is incredible or improbable, because it is neither. *Hill v. Bowman,* supra; *Allen v. Antisdale,* supra.

Even the testimony of a party who is called by his adversary to discover fraud, cannot be mutilated at the instance of the latter, when there is no better ground for it than conjecture or caprice. And what satisfactory reason can be put forth for branding as false this single feature of the particular testimony in question when the context and congruous items are acknowledged to be true? None have been stated at the bar and none are perceived. As stated already, it imports nothing unreasonable, nothing improbable. It cannot be repudiated as falsehood without good reason.

The deed is *prima facie* evidence of title, and there is no preliminary presumption that it is fraudulent or that it was not given for valuable and honest consideration. The law makes no original intendment of that kind. On the contrary it imputes honesty and legality and leaves it to complainant to make out by evidence the fraud and dishonesty charged. *Hager v. Thomson,* 1 Black, 80; *Stewart v. Thomas,* 15 Gray, 171; *Salmon v. Orser,* 5 Duer, 511; *Carpenter v. Freeland,* Hill & Denio Supp., 87; *Gay v. Bidwell,* 7 Mich., 519; *Robert v. Morrin,* 27 Mich., 306; *Loomis v. Smith,* 37 Mich., 595; *Jordan v.*

*White*, 38 Mich., 253; *Bigelow v. Benedict*, 70 N. Y., 202; *Matthews v. Coe*, id., 239.

The facts adduced do not overcome the presumption and make out want of due consideration, and circumstances of mere suspicion are not sufficient. *Clarke v. White*, 12 Pet., 178. The conclusion on the whole case is that complainant fails to support his allegation that Mrs. Hurst's deed is without consideration to uphold it. That part of the decree which bears against the grant to her must be reversed, and the bill as to that feature of the case must be dismissed, and she should recover her costs of this court and her own distinct and proper costs in the court below.

CAMPBELL, C. J. concurred.

COOLEY, J. The defendants in this case have practically conceded that of the several conveyances made by Thomas Hurst, and by which he divested himself of a considerable estate on the eve of judgments against him, only one can be sustained. That one was the conveyance to Mrs. Hurst. To prove that that, like the rest, was made without consideration and in fraud of creditors, complainant put Mr. and Mrs. Hurst upon the stand, and now relies upon their evidence as making out the fraud beyond reasonable doubt. Mrs. Hurst, on the other hand, insists that their evidence establishes for the conveyance a sufficient consideration, and that the explicit denial by her husband and herself of all fraud is conclusive upon the complainant, whose witnesses they were.

I do not understand that a party by putting his adversary upon the stand, gives any peculiar force to the testimony he shall give over that which the like testimony would have if given by other witnesses. He may preclude himself from entering upon an impeachment; but the testimony his adversary gives is subject, when received, to the same examination and construc-

tion with that of other witnesses. Nor are sweeping denials by him entitled to any force whatever if the facts he details show them to be unfounded.

In this case the fact that Mrs. Hurst received for many years a small salary which was appropriated to the support of the family, is not disputed. She testifies that this salary was the consideration for the conveyance which her husband, in his emergency, long after the money had been expended for the common benefit of the family, made to her. The dispute concerns the understanding between herself and her husband that the sums of money received by him were received as loans. The parties testify in a vague and unsatisfactory way that such was the fact; but there is ground for a fair conclusion on their own evidence that no such understanding ever existed. I am not disposed, however, to dissent from the conclusion of my brethren on the facts, while on the other hand I do not concede that on the evidence of the defendants the complainant is not entitled to show that his case is established by the facts as they detail them, notwithstanding their sweeping statements.

MARSTON, J., did not sit in this case.