CHARLES E. BEURMANN v. MARTIN VAN BUREN.

*Trover for goods seized on attachment—Charge as to evidence.*

In trover for goods seized on an attachment the defense gave evidence as to the state of the debtor's bank account. *Held* that on rebuttal the debtor could be asked how much he had checked out of the bank within the period under examination, as it was pertinent to a portion of his affairs examined into by the defense.

It is proper to direct the jury's attention to important evidence in such terms as to explain the case and aid them to give their attention to essential points, if it is done without misleading them or withdrawing their attention from other important evidence. But when the question is one of fact, and is therefore for the jury alone, it is not error to refuse instructions singling out particular facts, and expressing the opinion that if they should be proved, they would decide the issue.

A purchase of goods from a debtor, with the sole purpose of obtaining payment of an honest debt, does not make the sale void as to other creditors even though the debtor intended thereby to hinder or defraud them, if the purchaser did not share his fraudulent intent.

A sale by a debtor to a creditor in payment of a debt is to be considered as a whole; and if there is a balance due the debtor for which the purchaser gives his notes, it is not for that reason alone to be set aside to that extent in favor of other creditors.

An action by vendor for payment is in affirmance of the sale and precludes him from denying it.

Error to Livingston. Submitted October 20. Decided October 27.

TROVER. Defendant brings error. Affirmed.

*H. F. Higgins* and *Waddell & Montague* for plaintiff in error.

*Cruickshank & Warren* and *D. Shields* for defendant in error.

GRAVES, J. The plaintiff in error, being sheriff of the county of Livingston, seized under attachments against Daniel A. French certain merchandise as French's property, and the defendant in error, the father-in-law of French, brought trover. He claimed to have bought the property of French, before the levy of the attachments, for $1600, and that a little more than $1000 of the consideration consisted of a sum French was owing him for money loaned and the interest on it, and that the remainder was represented by three promissory notes he made to French running two, four and six months, respectively, and being negotiable. The defense set up was that this sale was fraudulent against creditors. The jury

44 MICH.—32

sustained the sale and the case is brought up on exceptions.

The parties seem to have prudently acquiesced in the propriety of a full investigation, and the record discloses only one objection to evidence. A witness for the defense had testified to the state of French's bank account, and, in the course of the rebutting case, French stated that he had the means of knowing how much he checked out of the bank from June 14th to November 1st, 1879—that he could tell by looking at his check book. He was then asked to state how much, and it was objected that the question was immaterial. But the court allowed him to answer. Though not important the evidence was pertinent. It belonged to a portion of his affairs which had been inquired into by the defense.

Complaint is made because the circuit judge refused a series of requests. By a number of them the judge was requested to pick out certain enumerated circumstances and convey his opinion to the jury that if they were proved they were signs of fraud on which the issue might be decided. The question to be settled was one of fact and exclusively within the province of the jury, and it was their right and their duty to construe the evidence and decide upon its drift and force to produce belief in their minds. The judge was not bound to suggest specific incidents and communicate his judgment upon their inherent strength as evidence.

We do not mean to say, however, that it is error to direct the attention of the jury to important pieces of evidence, and in such terms as to explain the case and assist them to apply their attention to the essential points, but without misleading them or withdrawing their minds from the due consideration of every item of evidence possessing value. That is not improper and is sometimes important. In this case the circuit judge went far enough certainly in this respect, and the plaintiff in error has no proper ground for complaint.

Instructions were requested to the effect that if French in making sale to Van Buren did so with intent to defraud his creditors, it was void as against them whether Van Buren was or was not a party to the fraud. These requests were refused

and the judge ruled in substance that if Van Buren purchased in good faith in payment of an actual debt from French to himself and gave to French for the difference between the debt and the price of the goods his three negotiable promissory notes as alleged, he got a good title as against creditors even though French may have sold with intent to defraud them. This was correct. Where a person buys for the sole purpose of obtaining payment of an honest debt, the circumstance that the seller intends to hinder or defraud his creditors does not make the sale void. It must be made out that the buyer participated in the fraudulent intent. *Hill v. Bowman* 35 Mich. 191; *Loomis v. Smith* 37 Mich. 595; *Jordan v. White* 38 Mich. 253; *State Bank v. Chapelle* 40 Mich. 447; *Dudley v. Danforth* 61 N. Y. 626.

The sale was an entire thing, and it was either good or bad. It was not divisible so as to leave so much as the prior indebtedness represented, good, and so much as the notes represented, bad. And the requests to charge based on that theory were correctly refused. As the notes were negotiable and given on time, they might be enforced against the maker and there was ground for regarding them as payment.

The requested instruction to the effect that a seller may rescind where the buyer knows he is insolvent and purchases with the intention to withhold payment, was not applicable. The doctrine had no relation to the real controversy. The contention was whether the sale from French to Van Buren was fraudulent as against the attaching creditors, and not whether the sale by the creditors to French was void in consequence of his fraud committed against them when he became their debtor. Moreover their suits in which the goods were seized, were in affirmance of the sales to French, and so long as they occupy that position they cannot very well set up the contrary.

The circuit judge in the opening of his charge noticed that the attaching creditors, and not the sheriff, were the real parties. The accuracy of the statement is not questioned, and it is not to be presumed that the jury were not sufficiently intelligent to infer the fact before the charge was given.

The objection that the judge's remark, by suggesting that the parties in interest resided out of the county and in the city of Detroit, awakened prejudice against them in the minds of the jurors, is not worthy of comment.

The record shows no connection between Van Buren or French with the replevin suit of Johnson & Wheeler against Beurmann for the four chests of tea, and there seems to be no proof that the same tea there in question was included in the sale to Van Buren or in the list of articles alleged to have been converted. The parties during the trial agreed upon the value of the property in question in this action, and the request for a contingent ruling that the value of the tea replevied by Johnson & Wheeler of the plaintiff in error should be deducted, was properly refused. There were no facts to support it, and it is not worth while to inquire into its soundness in theory.

The views expressed dispose of all the objections which are urged and no ground is shown for disturbing the result in the circuit court.

The judgment should be affirmed with costs.

The other Justices concurred.