No. 12,331.

## DICE *v*. IRVIN.

CHATTEL MORTGAGE.—*Debtor and Creditor.—Preferred Creditor.—Husband and Wife.*—A debtor may give preferences among creditors, and a chattel mortgage, or other security given to his wife, to secure a *bona fide* debt due her from him, will be upheld, although at the time of its execution she may have known that he was indebted to other parties, and that suits were pending to enforce the collection of such claims.

From the Fountain Circuit Court.

*T. F. Davidson*, for appellant.

*L. Nebeker* and *H. H. Dochterman*, for appellee.

Howk, J.—In this case appellant, Catharine Dice, sued the appellee, Irvin, to recover the possession of one dapple-bay mare, six years old, and of the alleged value of one hundred and fifty dollars. In her verified complaint appellant averred that she was the owner and entitled to the possession of such mare, of the age and value aforesaid; that such mare had not been taken for a tax, assessment or fine, pursuant to any statute, or seized under an execution or attachment against appellant's property; but that such mare was unlawfully detained by appellee from the appellant, in Fountain county. Appellee answered by a general denial of the complaint, with an agreement of the parties in open court, that appellee might prove any defence he might have under such general denial. The issues joined were tried by a jury, and a verdict was returned for appellee. Over appellant's motion for a new trial, the court rendered judgment for appellee on the verdict.

Error is assigned here by the appellant solely upon the overruling of her motion for a new trial. In such motion, the causes assigned for such new trial were, (1) that the verdict was not sustained by sufficient evidence, (2) error of the court in giving the jury a certain instruction, (3) error of the court in the admission of certain specified evidence, (4)

error of the court in overruling appellant's objections to a certain question propounded to the witness, Ludlow, and (5) error of the court in the admission of certain other evidence specifically pointed out in this cause for a new trial.

We will consider such of these causes for a new trial as may be necessary to the proper decision of this case, in the same order in which we have stated them.

1.    It is shown by the record that appellant commenced this suit in the court below on the 14th day of February, 1885. She claimed to be the owner and entitled to the possession of the mare in controversy, under and by virtue of a chattel mortgage thereon, executed to her on the 8th day of December, 1884, by George Dice, then and for many years before that time the husband of appellant.    The mortgage was duly acknowledged by George Dice, on the day of the date thereof, before a notary public of Fountain county; and, on the trial of this cause, the appellee admitted "that such mortgage was duly recorded in the recorder's office of the proper county within ten days after its execution."    Besides the mare in controversy, such mortgage was given upon other livestock therein described, including "twenty-two fat hogs;" and the condition of the mortgage was, that, whereas George Dice was indebted to appellant in the sum of $700, evidenced by his promissory note, dated December 8, 1884, and payable to her one year after the date thereof; if he, George Dice, should well and truly pay such note and interest at maturity, then the mortgage was to be void, otherwise to remain in force.    The note described in such chattel mortgage was given in evidence by appellant on the trial, with the following memorandum endorsed thereon: "This note is secured by a mortgage on personal property; and I agree that the same shall be due at once, if the mortgaged property is seized on execution or other writ.

(Signed),        "GEORGE DICE."

In relation to such memorandum, appellant's counsel in this case testified on the trial as follows: "After the property,

embraced in the mortgage, had been seized on execution, I advised a proceeding to foreclose the mortgage and enjoin further sales and deliveries of the property in parcels, and to determine the rights of the parties in a single action; and the agreement, endorsed on the note, was made at my suggestion and solely with a view to a single proceeding to settle all conflicting claims. This was done after the sheriff's sale of the mare."

It was admitted on the trial, as evidence, that the mare in question had, after the execution of appellant's mortgage, been seized on execution against George Dice alone by the sheriff, and had been advertised and sold by the sheriff under such execution, and that, at such sale, the appellee was the purchaser, and that he then (at the time of the trial) claimed and held the mare under such purchase, and so claimed and held her when this suit was commenced; and that such execution was regularly issued on a judgment duly rendered in favor of Lydia Lease and against George Dice, by the Fountain Circuit Court, on the 12th day of December, 1884. Appellee testified that he purchased the mare in controversy at sheriff's sale, and the sheriff gave him possession, on the 13th day of February, 1885. After the sheriff delivered the mare to him, and before this suit was commenced, Franklin Dice, claiming to act for appellant, demanded of him, appellee, the possession of such mare; but appellee refused to deliver up the mare, and still had her in his possession at the time of the trial. Appellant testified that the mare in controversy was one of the mares described in her mortgage and was subject to its lien; and that she authorized Franklin Dice to demand of appellee the surrender of the mare. It was further admitted on the trial, as evidence, that the mare in controversy was of the value of one hundred and forty dollars, and that she was taken and detained in Fountain county.

We have now given a full statement of appellant's case, as made by her evidence in chief. Upon her case as thus

made, she would have been clearly entitled, in the absence of any further evidence, to a verdict and judgment for the recovery of the mare in controversy. On behalf of appellee, it is claimed by his learned counsel, as we understand their argument, that the chattel mortgage, under which appellant claimed to be the owner and entitled to the possession of the mare in controversy, was absolutely null and void, in its inception or *ab initio*, because, at the date of its execution, the mortgagor, George Dice, was the husband of appellant, the mortgagee, and was then and there insolvent and wholly unable to pay his outstanding *bona fide* indebtedness; and because the debt evidenced by the note, to secure the payment of which such chattel mortgage was so executed, was, at the date of such note and mortgage, " a wrinkled and gray-headed claim, that had been sleeping the sleep of peace for a quarter of a century," until it had become barred by the statute of limitations, and presumptively paid; and because, by such chattel mortgage, and by other conveyances executed by George Dice to his wife, the appellant, at or about the date of such mortgage, he had conveyed and transferred to his wife all his property, real and personal, subject to execution, upon the faith of which property he had become indebted to his other creditors, in preference of his wife's claim and in fraud of his other creditors.

It is shown by the evidence in the record of this cause, without any conflict therein, that George Dice became justly and in good faith indebted to his wife, the appellant herein, for moneys which were received by her in her own right, from time to time, between December, 1858, and 1865, from her father, her mother, and her grandmother. These moneys amounted in the aggregate to more than $3,700, and were loaned by her, as she received the several sums, to her husband, George Dice, upon his parol agreement to repay the same to her. That this indebtedness of George Dice to his wife, the appellant, was in the strictest sense a *bona fide* and valid debt, and that no part of the moneys so loaned to him

had ever been repaid by George Dice, and that no part of the interest accruing thereon for the use thereof had ever been paid by him to the appellant, prior to the 3d day of December, 1884, were facts very fully and satisfactorily proved and established by the evidence, introduced by and on behalf of the appellee, as to which facts no conflicting or contradictory evidence appears in the record. On the day last named, and between that day and the 8th day of December, 1884, appellant effected a settlement with George Dice, her husband, of her claims against him. In making such settlement, interest was computed and allowed at the rate of six per cent. per annum, on the several sums of money loaned George Dice by the appellant as aforesaid, from the dates of the several loans. In part payment of the amount thus found due the appellant, George Dice, her husband, on December 3d, 1884, conveyed to her his interest in certain real estate at the sum of $40 per acre, and, on the 8th day of December, 1884, he also conveyed to her his interest in certain other real estate at $50 per acre; and the prices per acre thus agreed upon were as much as such real estate was fairly worth. The aggregate amount of such part payments left a balance of $700 yet due appellant from her husband, George Dice, for which balance, on December 8th, 1884, he executed to her the aforesaid note and chattel mortgage. At the time such settlement was effected, appellant knew that her husband was indebted to other persons, but was ignorant of the amount of his debts, and she also knew that he had been sued on some of his debts. For several years before such settlement was effected, appellant had tried to induce her husband to settle with her, and her only purpose in taking such deeds and chattel mortgage from her husband was to secure herself in her claims against him, and she had no knowledge of any intention to defeat or defraud any of his creditors.

The foregoing are the facts of this case, as they existed before and at the time of the execution of such chattel mort-

gage, as shown by the evidence without any conflict therein, and these facts wholly fail to show that such mortgage was fraudulent and void in its inception or *ab initio*.

In Bump on Fraudulent Conveyances (3d ed.), p. 183, it is said: " By virtue of his absolute dominion over his property a debtor, however, may either give or allow a preference. It is no part of the policy of the statute to prohibit its application to the payment of one debt rather than another. The maxim *vigilantibus non dormientibus leges subserviunt* applies. Hence it is that a creditor who can secure a sufficiency, according to law, to satisfy his claim, is entitled to hold it against other creditors. This right, moreover, is not affected by the debtor's insolvency, or the preferred creditor's knowledge of such insolvency. * * * The fact that a suit is pending, or that the transfer includes all the debtor's property, or all the property which is not exempt from execution, or that other creditors lose their debts by reason of the debtor's inability to meet all the demands against him, does not necessarily affect the validity of the preference." So, again, on page 186 of the same excellent treatise, it is said: " The preference may be given to any lawful demand against the debtor, whether due or not, and whether held by his brother, his wife, or his attorney, or any other person." The text of the learned author is fully sustained by a large number of authorities cited in the foot-notes.

In *Hill* v. *Bowman*, 35 Mich. 191, a case similar in some respects to the cause now before us, it was held by the Supreme Court of Michigan, that a debtor may lawfully give preferences among his creditors, and he may prefer his wife as a creditor, with quite as much justice and propriety as any other creditor. The learned court said : " No attempt is made to disprove the fact that complainant inherited the moneys as she claimed, or that they went into the possession of the husband and were used by him. On this point the evidence is full and satisfactory, and both the husband and wife testify that the husband received them as a loan. If

such was the case,—as we must find from the evidence that it was,—then the husband had a clear and undoubted right to pay the debt at any time, in money or in property, and if necessary, to prefer his wife over other creditors in so doing. Our law permits a debtor to give preferences among creditors; and he may prefer his wife as a creditor with quite as much justice and propriety as any other."

In *Jordan* v. *White*, 38 Mich. 253, the Supreme Court of Michigan approved and reaffirmed the doctrine of *Hill* v. *Bowman, supra*, and substantially held that a husband, who is indebted to his wife, may prefer her to his other creditors, and can transfer his property to her to be applied on the debt, even if such transfer defeats the collection of his other debts; and further, that the use of property for the payment of a debt is lawful, even though intended to cut off the redress of all other creditors.

In our own court the same doctrine has been repeatedly declared, recognized and approved. Thus, in *Kyger* v. *F. Hull Skirt Co.*, 34 Ind. 249, where a husband had procured land to be conveyed to his wife, and such land was received by her, in payment of a debt due her from her husband, for money loaned him by his wife, this court said: "She was the creditor of her husband for the money loaned, and as much entitled to payment as if she had been a *feme sole*. Where there is no fraud, a debtor has a right to prefer one creditor over another." To the same effect, substantially, are the following cases: *Goff* v. *Rogers*, 71 Ind. 459; *Brookville National Bank* v. *Kimble*, 76 Ind. 195; *Sedgwick* v. *Tucker*, 90 Ind. 271; *Grubbs* v. *Morris*, 103 Ind. 166; *Hoes* v. *Boyer*, 108 Ind. 494; *Beitman* v. *Hopkins*, 109 Ind. 177. See, also, *Gilbert* v. *McCorkle, ante*, p. 215.

Under our decisions, and the law elsewhere as we have stated it, we are of opinion that appellant's settlement with her husband, George Dice, was valid and binding both in law and equity, not alone as between themselves, but as between them and the other creditors of George Dice, and that

the appellant's chattel mortgage executed to her, in pursuance and as a part of such settlement, was not fraudulent and void in its inception, by reason of the fact that, at the time of such settlement and the execution of such mortgage, her claim against her husband had become "wrinkled and gray-headed" on account of its age. Neither the statute of limitations nor the presumption of payment arising from the lapse of time can be held applicable to appellant's loans of money to her husband, George Dice. This was so decided by this court in *Barnett* v. *Harshbarger,* 105 Ind. 410.

Appellee's counsel seem to think that the chattel mortgage, even if valid at the time of its execution, was rendered invalid and of no binding force by reason of the endorsement, hereinbefore mentioned, on the note secured by such mortgage, and of the further fact that appellant had permitted the "twenty-two fat hogs," covered by the mortgage, to be slaughtered and disposed of by her husband, George Dice, in support of their common family. We are of opinion, however, that neither of these facts affected the validity of such chattel mortgage in the slightest degree.

Upon the whole case, our conclusion is that the verdict of the jury was not sustained by sufficient evidence, and was contrary to law; and it was error, therefore, to overrule appellant's motion for a new trial.

The judgment is reversed, with costs, and the cause is remanded with instructions to sustain the motion for a new trial, and for further proceedings not inconsistent with this opinion.

Filed April 27, 1887; petition for a rehearing overruled June 14, 1887.