HENDRICKSON *v.* VOSS.

WITNESSES—FRAUDULENT CONVEYANCES.

Where the complainant in a bill in aid of execution makes the defendant his witness, all of the latter's testimony must be considered, and not that alone which tends to support complainant's claim of fraud.

Appeal from Houghton; Hubbell, J. Submitted October 15, 1897. Decided November 17, 1897.

Bill by Ellen Hendrickson, administratrix of the estate of Thomas Hendrickson, deceased, against Frederick Voss and Theresa Voss, in aid of execution. From a decree dismissing the bill, complainant appeals. Affirmed.

*Dunstan & Hanchette,* for complainant.

*A. R. Gray,* for defendants.

LONG, C. J. Complainant, as administratrix, obtained a judgment in the Houghton circuit court against Frederick Voss on August 15, 1894, for the sum of $1,248.16. Execution was issued on this judgment, and a levy made upon certain real estate on April 11, 1896, which the complainant claims was at that time owned by Frederick Voss. The title to those lands, prior to September 8, 1893, stood in the name of Frederick Voss, but was conveyed by him on that day to his wife, Theresa Voss, the other defendant in this cause. This bill is filed in aid of execution, and the claim of complainant is that the deed made by Voss to his wife was a voluntary one, given without consideration, and for the purpose and with intent to defraud creditors, and especially to prevent the complainant from the collection of her judgment. The defendants appeared and answered the bill. The claim made by the answer is that the lands so conveyed were

and are the homestead of the defendants; that, while the consideration recited in the deed was $200, the real consideration was the sum of $1,450; that the lands are worth not to exceed the sum of $2,500; that the quantity of land is less than 40 acres, and is not within the corporate limits of any village or city, and, as such homestead, is exempt from levy and sale on execution, so far as the homestead right is concerned; that the said Theresa Voss purchased the land in good faith, and paid a valuable consideration for the same, after deducting the homestead interest, which the said Frederick Voss had a right to convey to her. It is further claimed that Frederick Voss was at the time of the conveyance perfectly solvent, and had much more than sufficient property to pay all his indebtedness. The answer sets forth that the levy of the execution is a cloud upon the title of Theresa, and asks that the lands be freed therefrom. The cause was heard in open court, and, at the conclusion of the testimony, a decree was entered dismissing complainant's bill, and directing a discharge of the levy of the execution, with costs in favor of defendants.

The claim made by the defendants as to the payment for the land was that, up to the time the deed was made, Theresa had advanced to her husband the sum of $1,250; that these advances were made from time to time, with the understanding that the husband should repay them. The complainant called both the defendants as witnesses, and examined them at great length about these advances made by Theresa. It appeared from the testimony of Mr. Voss that the parties were married in Germany, and came to this country soon after; that at that time Mrs. Voss had some money, and advanced it to him. They lived for a time in Detroit, and moved from there to Hancock. Mr. Voss went into business, and his wife kept a boarding house, earning some considerable money, and loaning it to her husband from time to time. In 1870 he had prospered in business, and was worth something over $25,000. This was lost in speculation in timber in the

State of Wisconsin.   Mr. Voss further testified that, in all, he had received from his wife $1,250, which he had agreed to repay her, and which he did by this deed of the homestead, and that the lands were worth about $2,500. This testimony stands uncontradicted upon this record. It is true that there are some inconsistent statements made by Mrs. Voss, but the testimony of Mr. Voss carried conviction of its truth.   The circuit judge saw the witness and heard his testimony, and evidently believed his statement as to the amount of moneys advanced to him by his wife.   The court below found that Mr. Voss had been receiving money from his wife from time to time as she had it; that the first she loaned him she had from her father, and under an agreement that her husband would pay it back; that in all he had received from her $1,250; that this was a fair consideration for the premises conveyed, when the homestead interest is deducted.   It will not do for counsel for complainant now to accept such parts of the testimony of Mr. and Mrs. Voss as may be favorable to their theory of the fraud claimed to have been perpetrated in this conveyance, and reject and ignore what tends the other way.   They made these parties their witnesses to show that the deed was made with the design to defraud the complainant.   This was competent, but the whole of the testimony must be fairly considered. As was said in *Darling* v. *Hurst*, 39 Mich. 765:

"There is no warrant in law or reason for any arbitrary discriminations; and the circumstance that a defendant, on being called by complainant, testifies under the influence of interest, or under imputations of wrong-doing, gives no right to the complainant to accept what appears favorable to himself, and to reject or ignore whatever tends the other way."

A large number of cases are there cited, sustaining this rule.

We are satisfied with the conclusions reached by the court below, and the decree must be affirmed, with costs.

The other Justices concurred.