GEORGE F. BALL v. DAVID L. PHENICIE AND ELIZA A. PHENICIE.

*Fraudulent conveyances—Husband and wife—Evidence—Vendor's lien—Subrogation.*

1. An alleged course of dealing between a husband and wife, by which he becomes indebted to her for moneys advanced and loaned by her from time to time, the aggregate amount claimed to be due being the various sums originally advanced, with interest, without any deduction whatever on any account, is so against common experience as to call for a very careful scrutiny of the testimony by the court.

2. The court is not precluded from construing the testimony of a husband and wife, when called as witnesses for the complainant, in a suit brought to set aside a deed executed by the husband to the wife as fraudulent as to his creditors. [1]

3. In this cause the Court find that it was the intent of the husband to sell the land to his wife at an agreed price of $10,000, which it is found to have been worth, and that from mistake, or for other reason, she failed to pay him the full consideration price, his indebtedness to her, which was the sole consideration paid, being $2,169 less than the $10,000 and the value of certain personal property received by her; and the land is subjected to a vendor's lien for $2,169 in favor of the husband, to which lien the complainant, who is an execution creditor of the husband, is subrogated. [2]

Appeal from Branch. (Loveridge, J.) Argued November 18, 1892. Decided December 23, 1892.

Bill in aid of execution. Complainant appeals. Décree reversed, and one entered in accordance with the majority opinion. The facts are stated in the opinions.

*H. H. Barlow,* for complainant.

[1] See *Hicks v. McLachlan, ante,* 278.
[2] See *Joslin v. Goebel,* 90 Mich. 71.

*William E. Ware* (*John B. Shipman,* of counsel), for defendants.

MONTGOMERY, J.    This is a bill in aid of execution. Complainant levied execution upon real estate formerly the property of David L. Phenicie, which was conveyed on May 31, 1889, to Eliza A. Phenicie, the bill alleges, without consideration, and in fraud of creditors; and complainant asks that the deed be set aside and held void as to him.    The answer denies the alleged fraud.    The cause was heard in open court, before the circuit judge, and a decree was made dismissing the bill, with costs against the complainant.    Complainant appeals.

The theory of the defense was that David L. Phenicie became indebted to his wife for moneys advanced and loaned by her from time to time, and, as is usual in such cases, the aggregate amount claimed to be due is the various sums originally advanced by the wife to the husband, together with interest, without any deduction whatever on any account.    Such a course of dealing is so against common experience as to call for a very careful scrutiny of the testimony by the court.    It is not the common course for a lady possessed of considerable means to continue in possession of an estate for a long term of years without applying or appropriating one dollar of it to any purpose whatever, and while it is the duty of the court to protect the property rights of married women, even as against the creditors of the husband, it is no injustice to the parties in a case like the present to apply, in construing the testimony, such fair presumptions as the common experience of mankind suggests.    The learned circuit judge found as a fact that the value of the real estate conveyed was $10,000, and it appears that, at the same time that the real estate was conveyed, $350 worth of personal property was also transferred.    The circuit judge also found that, at

the time the deed was made, the indebtedness due from defendant Phenicie to his wife amounted to $8,181, which, as before stated, included all the sums advanced, together with interest thereon, deducting, however, from her claim the value of 40 acres of land, which she testified was given to her by her husband as a New Year's gift in January, 1875.

I am satisfied from a careful examination of the record that the circuit judge reached the correct conclusion in deducting the value of this 40 acres from the sum due to the wife. It is suggested that, as the complainant called the defendants as witnesses, he is bound to accept their statements. This does not preclude the court from construing their testimony, and if, from the whole course of dealing of the parties, the court is convinced that it was the intention by the purchase of the 40 acres to set aside so much of the funds which had come to the defendant Mrs. Phenicie from her father's estate, there is ample justification in charging her with it. The circuit judge, who heard the testimony and saw the witnesses, reached this conclusion, and, in my opinion, his conclusion on the question of fact should not be disturbed.

But it is said that the disparity between the amount of indebtedness from the husband to the wife and the value of the real estate is so small as not to suggest any intention to defraud. The parties may have been mistaken as to the amount, but, if so, there is no reason why the defendant Eliza A. Phenicie should not be chargeable with the unpaid portion of the purchase price. It is not a case where the question is whether the inadequacy of the consideration is such as to render the transaction void as to creditors, but it is clear that the intent was, on his part, to sell the land to defendant at the agreed price of $10,000. If, from mistake or for other reason, she failed to pay the

full consideration price, it is not an injustice to require that that payment be now made.

I think that the land should be held subject to a vendor's lien, amounting to $2,169, and this complainant subrogated to the rights which the vendor would have in the premises; and that a decree should be entered for complainant for that sum, with interest from the date of the transfer,— May 31, 1889; and that, in case of failure to redeem within 90 days from the date of this decree, the land should be sold to satisfy the amount of this lien. The complainant should recover costs of both courts.

LONG and GRANT, JJ., concurred with MONTGOMERY, J.

DURAND, J. (dissenting). The bill of complaint is filed in this cause in aid of two executions. It avers the commencement of a suit by attachment on July 22, 1889, in favor of complainant and against Warren W. Wilkinson and the defendant David L. Phenicie, in which a judgment was rendered on December 7, 1889, for $4,100.68 damages, besides costs. It also avers the commencement of a second suit in attachment by and against the same parties on October 4, 1889, in which a judgment was rendered on December 7, 1889, for $1,385 damages, besides costs. Both attachments were levied on the property now in question, and on December 30, 1889, executions were issued upon the judgments, and levied upon the land which the complainant now seeks to enforce them against. The bill also avers that on May 31, 1889, the defendant David L. Phenicie, who was then the owner thereof, conveyed the land in question to the defendant Eliza A. Phenicie, who is his wife, without consideration, and in fraud of creditors, and asks that the deed be set aside and held to be void as against the complainant. The answer admits the conveyance substantially as alleged in the bill, but

denies all the allegations of fraud, and avers that it was made for a full and adequate consideration.    After issue was joined, the cause was heard in open court, the witnesses appearing before the circuit judge, and testifying as in a suit at law; and on October 17, 1891, a decree was made and entered, dismissing the bill, with costs against the complainant.    The complainant appeals.

That fraud cannot be presumed, but must be proved, is a rule so well established and so universally recognized that it has become axiomatic.    Recognizing the force of this rule, and the absolute necessity of proving facts and circumstances from which the court could find that the conveyance referred to was in fraud of creditors and without consideration, the complainant called the defendant Eliza A. Phenicie as a witness to prove such facts, and it is upon her testimony principally, if not entirely, that he relies as a basis for the claim he now makes.    It would be useless to state fully all the details of her testimony, and, in the view we take of the case, it is quite unnecessary to do so.    It is sufficient to say that, in the light of the testimony given by her, the complainant does not now seriously contend that the deed of the land referred to is void and wholly without consideration, as alleged in the bill, but he insists that, instead of the conveyance having been made to satisfy the grantee for an indebtedness due to her from her husband in an amount equal to or exceeding the value of the property conveyed, as is claimed by the defendants, such indebtedness does not much exceed the sum of $5,000, and that he is therefore entitled to have the excess of the value of the property over and above the indebtedness subjected to the executions, and that they should be declared to be a first lien thereon.

The land levied upon is a farm of 240 acres, situated in the town of Kinderhook, in Branch county, which is assessed at $8,600, and the value of which is variously

estimated by the witnesses upon both sides at from $35 to $60 per acre, and the circuit judge who heard the case placed the value of it at $10,000, which was the consideration expressed in the deed. We have no doubt that this was the fair cash value of the land at the time the deed was made, and as the question of value is so much a matter of opinion, and depends so largely upon the credit to be given to the witnesses, their manner of testifying, and their knowledge of the situation and locality of the property, the conclusion of the circuit judge upon the question is entitled to much consideration, especially as he was acting in his own home county, and saw the witnesses and heard them testify, and who is therefore better able to judge of the weight to be given to their testimony than a stranger would be. The value of the land and of about $300 or $400 worth of personal property, turned over to her at the same time the deed was made, may therefore be safely estimated at $10,350.

The circuit judge found that, at the time the deed was made, the indebtedness due from David L. Phenicie to his wife amounted to $8,181, which was made up largely of money she had obtained from her father's estate, and from other sources, together with the interest thereon. In reducing the indebtedness to that sum, the circuit judge, among other things, deducted from her claim the value of 40 acres of land, which she testified was given to her by her husband as a New Year's present in January, 1875, and which, with the interest, he figures at the sum of $3,917. This should not have been deducted. The transaction occurred many years before the debt to the complainant was contracted. The testimony is that it was a gift to her, and that it was so considered both by herself and her husband at the time. In so far as the complainant is concerned, the husband had a right to make his wife a present at that time if he chose to do so, although he was

then indebted to her, as he undoubtedly was. The testimony of Mrs. Phenicie, who is complainant's witness on that point, is that it was a gift, and nothing else; and, while this is practically undisputed, the court is asked to infer that it was a payment instead. Such an inference cannot be permitted against the undisputed testimony showing that the legal *status* of that transaction was fixed by the parties at the time.

Upon the pleadings alone the case would fail. Testimony to establish the facts alleged was necessary. Acting upon this theory, the complainant has called Eliza A. Phenicie, one of the two defendants charged with the fraud, to prove that the conveyance from her husband to her was fraudulent, and that there was not an adequate consideration for it. When he took this course he placed himself within the rule laid down in *Brigham v. Fawcett*, 42 Mich. 542, which is that "complainants must accept the statements of the defendants when they make them their witnesses, and rest the case on their evidence." In the case of *Darling v. Hurst*, 39 Mich. 765, which was a case almost exactly like this, and in which the same question arose, Mr. Justice GRAVES, in delivering the opinion of the Court, upon that subject says:

"This course is competent, but it is subject to its own risks, and to those considerations which apply wherever one submits to a court to decide between him and his adversary upon the version of the latter. The whole of what is stated must be fairly considered, and while there is no rule which compels courts and juries to put aside their judgments, and blindly accept whatever falls from a person on the witness-stand, so there is none which sanctions arbitrary rejections of testimony. * * * The circumstance that a defendant, on being called by complainant, testifies under the influence of interest, or under imputations of wrong-doing, gives no right to the complainant to accept what appears favorable to himself, and to reject or ignore whatever tends the other way. * * * The testimony of a party who is called by his adversary to dis-

cover fraud cannot be mutilated at the instance of the latter, when there is no better ground for it than conjecture or caprice."

The witness Mrs. Phenicie, therefore, having testified that she received this 40 acres of land from her husband as a present or gift from him, the entire statement must be taken together, and must be received or discarded as a whole. As the indebtedness due her from her husband at the time the deed was made equaled or exceeded the value of the property she received in payment of it, it is not necessary to go into a more minute examination of the account between the parties than has been already stated.

The deed is *prima facie* evidence of title, and there is no preliminary presumption that it is fraudulent, or that it was not given for a valuable and honest consideration. The law makes no original intendment of that kind. On the contrary, it imputes honesty and legality, and leaves it to the complainant to make out by evidence the fraud and dishonesty charged. *Hollister v. Loud*, 2 Mich. 316; *Gay v. Bidwell*, 7 Id. 519; *Robert v. Estate of Morrin*, 27 Id. 306; *Loomis v. Smith*, 37 Id. 595; *Jordan v. White*, 38 Id. 253; *State Bank v. Whittle*, 48 Id. 1. And a debtor, in securing his creditors, may give preference to a relative to whom he is indebted. *Hill v. Bowman*, 35 Mich. 191; *Darling v. Hurst*, 39 Id. 765; *Brigham v. Fawcett*, 42 Id. 542; *State Bank v. Whittle*, 48 Id. 1.

A careful reading of the record shows that the defendant David L. Phenicie was honestly owing his wife a large sum of money at the time the deed referred to was made, and that, after learning of his insolvent condition, she insisted upon having her pay. This she had a right to do, even though, by so doing, there might be little or nothing left for his other creditors. There is nothing to show that in this she acted fraudulently, or in any way except as she had the legal right to do.

The decree of the court below dismissing the bill should therefore be affirmed, with the costs of this Court.

McGRATH, C. J., concurred with DURAND, J.