BLUE v. SCHURTZ.[1]

ESTATES OF DECEDENTS—FRAUDULENT CONVEYANCES—SUBJECTION
TO DEBTS.

Lands conveyed by a husband to his wife under stress of debts
and without adequate consideration, his debts exceeding the
value of his remaining property, will be subjected to claims
allowed against his estate.

Appeal from St. Joseph; Yaple, J.   Submitted January
26, 1898.   Decided February 16, 1898.

Bill by John Blue, administrator of the estate of James
Schurtz, deceased, against Albert Schurtz and others,
heirs at law of Sarah Schurtz, to set aside a deed.   From
a decree dismissing the bill, complainant appeals.   Reversed.

B. E. & L. F. Andrews and Dallas Boudeman, for
complainant.

Henry J. Barton (B. M. Thompson, of counsel), for
defendants.

HOOKER, J.   In December, 1884, James Schurtz deeded
to his wife, Sarah, his home farm, of 160 acres, leaving
him the owner of two 80-acre parcels.   At this time it is
claimed that he was indebted to his sister, Hannah Smith,
and others.   He died in 1889, at which time Mrs. Smith
held his note for $1,590.   He had previously paid all other
debts, except the sum of $68.14, due Jones & Putnam.
Hannah Smith died soon after the death of her brother,
and her claim was allowed by commissioners.   On appeal, her administrator obtained an allowance of $1,989.13
on the 18th of November, 1892, with costs, taxed at $86.-
90.   This stands as a valid claim against the estate of

---

[1] Rehearing denied June 7, 1898.

James Schurtz. The Jones & Putnam claim was also allowed. The bill in this cause was filed by the administrator of James Schurtz, during the lifetime of Sarah Schurtz, to reach the land conveyed to her as aforesaid, so that he might be enabled to pay the claims against said estate. Sarah Schurtz answered, alleging that the claim of Hannah Smith was a forgery, and that her husband was not indebted to her at the time of his death; and, further, that while she did not, at the time she received the conveyance, pay a consideration therefor, such deed was made in pursuance of an understanding that said land was the product of money that she had received from her father's estate, and permitted him to use in the purchase of land, which was the consideration, in whole or in part, for the purchase of the land deeded to her. It was also maintained that, at the time this deed was made, he retained ample property wherewith to pay his debts, in addition to which she mortgaged 80 acres of said land for $4,000, and the money derived therefrom was used to pay most, if not all, of said debts. In 1886 and 1887, Schurtz sold the remaining two 80-acre parcels to his son Reuben, for $12,000. Our understanding is that they were taken subject to mortgages, the amount of which was taken from the purchase price, and that money that the son had advanced to the father was applied. The remainder was paid in money, and it is our understanding that the $4,000 mortgage given by Sarah Schurtz was paid with this money.

The case seems purely one of fact. It is proven to our satisfaction that the claim of Hannah Smith was a just one, and we are equally well convinced that the conveyance to Sarah Schurtz was made under stress of debts, and that no adequate consideration was paid for the property conveyed, which represented a large portion of the accumulations of an industrious life. We think his debts exceeded the remaining property, and that the practical result of the manipulation of this property is that the representative of Sarah Schurtz has property which in equity

should pay the claims allowed against the estate of her husband. We are of the opinion that the decree of the circuit court in chancery should be reversed, and a decree entered in this court as prayed in the bill, subject, however, to the right of the defendants to relieve said premises from the lien of this decree by paying to the complainant an amount sufficient to pay said claims, with interest, the expenses of administration arising out of this transaction, and costs of both courts in this cause, which the complainant will recover. A decree in accordance herewith may be entered.

The other Justices concurred.