HENZE *v.* ROGATZKY.

1. FRAUDULENT CONVEYANCES—CONSIDERATION—HUSBAND AND WIFE —SERVICES OF WIFE AS CONSIDERATION FOR DEED.

 The services of a wife in her husband's bakery belong to him and do not furnish an adequate consideration for a conveyance of real estate by the husband to the wife, as against creditors of the husband.

2. SAME—RIGHTS OF CREDITORS—DEEDS—INADEQUACY OF CONSIDERATION.

 A conveyance by a husband to his wife of his real property is not supported by an adequate consideration, as against creditors, where he owes her about $1,100 and the property conveyed by him is worth $15,000.

3. SAME.

 Even though the loan by the wife to the husband was a valid obligation any surplus over and above the loan and homestead exemption equitably belonged to creditors of the husband's estate, or so much thereof as was necessary to satisfy their claims.

Appeal from Wayne; Lamb, J., presiding. Submitted June 22, 1917. (Docket No. 129.) Decided December 28, 1917.

Bill by William E. Henze, administrator of the estate of Richard Rogatzky, against Mathilda Rogatzky to set aside a deed. From a decree for plaintiff, defendant appeals. Affirmed.

*William E. Henze,* in pro. per.

*Harry H. Wait,* for defendant.

BIRD, J. Gustav Rogatzky presented his claim against his deceased brother's estate to the commissioners and it was allowed at the sum of $3,920.01. There being no available assets in the estate to satisfy

the same the administrator filed this bill to set aside a conveyance of real estate which deceased made to defendant, his wife, the day of his death. The real estate in question consists of two lots situate on Michigan avenue between Fifteenth and Sixteenth streets, in the city of Detroit. The lots, with the improvements thereon, are said to be worth the sum of $15,000, with an incumbrance of $2,700. The deceased was a baker and followed his trade for many years at this location. It was the contention of the administrator that the conveyance was void as to creditors because without consideration. The consideration named in the deed was $1.

Defendant denies that the conveyance was without consideration, and alleges it was made up as follows: That upwards of 20 years ago she inherited $500 from her people, and loaned the same to her husband to pay on the purchase price of this property; that during the 20-odd years she has worked in the bakery, assisting her husband, besides attending to her regular household duties; and that in consideration of these two items the deceased often promised that he would convey the property to her, and finally on the day of his death he did so.

At the conclusion of the hearing the chancellor was of the opinion that the conveyance was in the nature of a testamentary disposition of the property, and therefore passed to defendant, subject to the debts of the deceased. A decree followed which set aside the conveyance as against the claims of creditors.

We are of the opinion that the chancellor reached the right conclusion. The services of the wife would not furnish a consideration for the conveyance, at least as against the claims of the husband's creditors. *Michigan Trust Co.* v. *Chapin,* 106 Mich. 384 (64 N. W. 334, 58 Am. St. Rep. 490) ; *Ball* v. *Phenecie,* 94 Mich. 355 (53 N. W. 1114). The services which she

rendered were those of a clerk in the bakery, waiting upon customers, and they were rendered for and belonged to the husband. There is some testimony to the effect that the deceased stated to others that he intended to deed the premises to defendant in consideration of her faithfulness, and to several persons he stated that he was going to make a joint deed. The most that can be claimed for this testimony is that it shows an unexecuted intention of rewarding her for the long and faithful support she had given him.

The loan to him of $500 is not satisfactorily established, but, conceding it to be established, we think she failed to show an adequate consideration for the deed as against her husband's creditors. *Case Manfg. Co.* v. *Perkins,* 106 Mich. 349 (64 N. W. 201). A loan of $500 made 20 years ago would amount to no more than $1,100 or $1,200 at the present time, if simple interest were computed at the legal rate for the whole time.

The deceased undoubtedly wished defendant to have his estate, but we are not inclined to construe his act as intending she should have it to the exclusion of lawful claims. If we concede that the loan was a valid obligation, defendant still has property worth nearly $10,000, over and above the loan and homestead exemption. This sum equitably belongs to the creditors of the estate, and should be devoted to the payment of their claims, or so much thereof as is necessary to satisfy them. *Blue* v. *Schurtz,* 115 Mich. 690 (74 N. W. 178).

As this view is in keeping with the conclusion reached by the chancellor, the decree will be affirmed, with costs.

KUHN, C. J., and STONE, OSTRANDER, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.