BANKERS TRUST CO. *v.* HUMBER.

1. FRAUDULENT CONVEYANCES—HINDERING AND DELAYING CREDITORS—STATUTES.

Mere fact that conveyance may incidentally delay or hinder creditors is not sufficient to make it void, since one in debt may sell his property, although effect of sale is to hinder creditors, if sale is not made for that purpose (3 Comp. Laws 1929, § 13434).

2. SAME—DEBTOR MAY PREFER CREDITOR.

Debtor has right to prefer creditor and to convey property to him in good faith and for fair consideration, notwithstanding it may have effect to delay and hinder other creditors (3 Comp. Laws 1929, § 13395).

3. SAME—CONVEYANCES TO CREDITOR RELATIVES.

Debtor's conveyances to his daughter and son-in-law were not in fraud of creditors, where record shows that he was indebted to them in excess of value of property conveyed, although he intended to prefer them to other creditors.

4. CREDITORS' BILLS—INJUNCTION—LIENS.

Mere fact of filing of creditor's bill or issuance of injunction does not fasten lien on property, so that until property comes into legal custody of court by appointment of receiver there is nothing to which lien can attach.

5. SAME—FRAUDULENT CONVEYANCES—INJUNCTION—RECEIVERS.

That injunction had been issued restraining debtor from disposing of his execution-exempt property did not create enforceable lien thereon or render void conveyances to creditors for fair consideration, where restraining order had not been served on him at time conveyances were made and receiver was not appointed until nearly two years thereafter.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted April 20, 1933. (Docket No. 107, Calendar No. 37,157.) Decided June 5, 1933. Rehearing denied August 29, 1933.

Bill by Bankers Trust Company of Detroit, a Michigan corporation, receiver of estate of A. Milton Humber, judgment debtor, against A. Milton Humber and others to set aside certain deeds of real estate alleged to be in fraud of creditors. Bills dismissed. Plaintiff appeals. Affirmed.

*Fred H. Aldrich* and *E. O. Zirkalos,* for plaintiff.

*Frank C. Golden* (*Benedict H. Lee,* of counsel), for defendants.

McDONALD, C. J. In the foreclosure of a land contract Ernest F. Zirkaloso and Ann Zirkaloso, his wife, secured a deficiency decree against A. Milton Humber for $47,793.51. An execution was issued and returned unsatisfied. On January 6, 1928, a petition was filed in the circuit court to require Mr. Humber to make disclosure of his assets, to show cause why a receiver should not be appointed, and to restrain him from disposing of his property that was exempt from execution. The order to show cause and temporary restraining order were issued returnable January 14, 1928. Because of Mr. Humber's absence from the State the restraining order was not served on him until August 21, 1929. In the meantime, on September 17, 1928, he deeded certain parcels of real estate to Walter C. Fillmore, his son-in-law, and on July 2, 1928, certain other parcels to Olive H. Fillmore, his daughter. The bill in this case was filed to have those deeds set aside and the property subjected to the Zirkalosos' decree, on the ground that they were made for the purpose of defrauding creditors and in contempt of the restraining order. At the conclusion of the hearing, the court entered a decree dismissing the bill. The plaintiff has appealed.

The question is whether the conveyances in question were made with intent to hinder, delay, or defraud creditors. If so, they are declared to be void by statute, 3 Comp. Laws 1929, § 13434.

"The mere fact that a conveyance may incidentally delay or hinder creditors is not sufficient to make it void, as undoubtedly every conveyance of a debtor's property may in some degree have that effect. One in debt may sell his property, although the effect of the sale is to hinder creditors, if the sale is not made for that purpose, and a debtor, although in failing circumstances or insolvent, may dispose of his property in good faith to obtain money to meet his obligations, although such sale may in fact hinder and delay his creditors. Furthermore, a conveyance executed for the purpose of preferring one or more creditors is in most jurisdictions a valid exercise of the grantor's power to dispose of his own property, although the necessary effect of the conveyance would be to hinder and delay other creditors in the collection of their debts. The statute only refers to an improper, illegal hindrance or delay." 27 C. J. p. 505.

In this case the conveyances to Walter Fillmore and Olive Fillmore undoubtedly would hinder and delay other creditors. Nevertheless, the conveyances were valid if given in good faith and for a fair consideration. He had a right to prefer them to other creditors. *Warner* v. *Longwell,* 261 Mich. 468, and cases cited.

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." 3 Comp. Laws 1929, § 13395.

The defendant Milton Humber had three creditors, the plaintiffs, who held a deficiency decree in a

land contract foreclosure, his son-in-law, Walter Fillmore, and his daughter, Olive Fillmore, both of whom claimed a pre-existing indebtedness. In his conveyances to them undoubtedly he intended to prefer them to the other creditor. He had a legal right to do so. The question is, Was there ample consideration for the conveyances? That there was ample consideration the record leaves no doubt. Long before the debt of the plaintiff accrued Mr. Fillmore was employed by Humber to supervise the construction of buildings and for a time to collect his rents. Mr. Fillmore says that his claim against Humber was about $6,000 at the time of the conveyances. It is not necessary to analyze the various items which make up his claim. It is sufficient that the total amount due for services actually rendered was much in excess of the value of the property conveyed, which, the testimony shows, was $1,700.

The conveyance to Olive Fillmore was of a cottage at Long Lake in Oakland county valued at about $1,500. Mrs. Fillmore was a wage earner before her marriage, and the testimony shows she invested some money in the lake property by way of improvements. It also appears that when she was a minor her father, Milton Humber, appropriated her interest in an estate left by her mother. It is her claim that when she received a conveyance of the cottage he was justly indebted to her for the money so appropriated and for money she had advanced to improve the cottage, and that the total amount of his indebtedness exceeded the value of the property conveyed.

The Fillmores held a pre-existing indebtedness against Mr. Humber. They were *bona fide* creditors. Though his conveyances to them were intended as a preference to the other creditor, they'

were honest transactions supported by ample considerations.

But the plaintiff claims that the conveyances were made after the issuance of an injunction restraining Mr. Humber from disposing of his execution-exempt property, that though the restraining order had not been served on him at the time of the conveyances the issuance of the injunction and the subsequent appointment of a receiver created an enforceable lien on all of his exempt property.

The receiver was not appointed until nearly two years after the conveyances in question, so the plaintiff cannot claim any benefit from the attachment of a lien at that time. But counsel for the plaintiff say in their brief :·

"From the date that the order was made restraining Dr. Humber from disposing of any of his assets all his property was impounded and in the possession of the court."

Counsel have not correctly stated the law, though in *Saginaw County Savings Bank* v. *Duffield,* 157 Mich. 522 (133 Am. St. Rep. 354), some language is used that would appear to justify the statement. The mere filing of a bill or the issuance of an injunction does not fasten a lien on the property. Until the property comes into legal custody of the court by the appointment of a receiver there is nothing to which a lien can attach. At the time of the conveyances the plaintiff's suit had not progressed far enough to create a lien. *Jones* v. *Smith,* Walk. Ch. 115, is in harmony with current authority.

No other questions require discussion.

The decree dismissing the bill is affirmed, with costs to the defendants.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.