MASON *v.* MASON.

1. FRAUDULENT CONVEYANCES—CONVEYANCE TO RELATIVES—HOME-
   STEAD—ANTECEDENT DEBT.

   In suit by deceased's creditor to set aside conveyance of home-
   stead by deceased to his three daughters, which was executed
   eight days before his death, evidence was insufficient to show
   that deceased and his son-in-law agreed that former's debt
   to latter should be, or was, liquidated by the conveyance or
   that latter accepted the execution of the conveyance in dis-
   charge of his debt.

2. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.

   In suit by deceased's creditor to set aside conveyance of home-
   stead by deceased to his three daughters, latter could not
   testify on their own behalf, because they were opposite parties
   within prohibition of statute excluding evidence by the sur-
   vivor (3 Comp. Laws 1929, § 14219).

3. FRAUDULENT CONVEYANCES—BURDEN OF PROOF.

   In suit to set aside conveyance by one now deceased, alleged to
   have been in fraud of creditors, the burden of proof of show-
   ing that the conveyance was fraudulent was upon the plaintiff
   making the claim.

4. SAME—FRAUD—BURDEN OF PROOF.

   Where a sale of property is attacked as fraudulent as to creditors,
   the burden of proof is on the attacking party to establish such
   fraud.

5. FRAUD—BURDEN OF PROOF.

   Fraud is never presumed, and the burden should never be im-
   posed upon a party to show affirmatively that no fraud exists
   in a transaction.

6. FRAUDULENT CONVEYANCES—JUDGMENT CREDITOR—BURDEN OF
   PROVING GOOD FAITH.

   Where a judgment creditor files a levy and proceeds by bill in
   aid of execution, the burden of proof, according to the statute,
   rests upon the judgment debtor to show that all transactions
   are in all respects bona fide (3 Comp. Laws 1929, § 14617).

7. SAME—DEBTOR'S PREFERENCE OF ONE CREDITOR OVER ANOTHER.

A debtor can prefer one creditor to another, although, at the time of such preference, the debtor may be insolvent, and such preference will not be held fraudulent on that account.

8. SAME—ADEQUACY OF CONSIDERATION—BURDEN OF PROOF.

In suit by creditor of deceased to set aside latter's deed of homestead, executed eight days before his death, to his three daughters, plaintiff had burden of showing inadequacy of consideration for the deed.

9. SAME—FRAUD—BURDEN OF PROOF—ADEQUACY OF CONSIDERATION.

In suit by creditor of deceased who had conveyed his homestead to his three daughters eight days before he died and reserved a life estate in himself, evidence *held*, insufficient to sustain plaintiff's burden of proof as to fraud or inadequacy of consideration (3 Comp. Laws 1929, § 13392 *et seq.*).

10. SAME—CONVEYANCE TO RELATIVE—CREDITOR—PRESUMPTIONS.

There may be a reasonable presumption that an advancement made by an insolvent parent to his child to whom he was indebted was made with the intention of liquidating the indebtedness.

Appeal from Saginaw; O'Neill (James E.), J. Submitted January 8, 1941. (Docket No. 30, Calendar No. 41,175.) Decided March 11, 1941.

Bill by Dora S. Mason, as administratrix of the estate of George L. Schulz, deceased, by Donald Bicknell, receiver of the Peoples American State Bank, creditor of said estate, against Dora S. Mason, individually, Edna M. Brown, and Hilda Furstenberg to set aside a conveyance claimed to be in fraud of creditors. From decree for defendants, plaintiff appeals. Affirmed.

*Donald W. Gilbert*, for plaintiff.

*Heilman & Purcell*, for defendants.

McALLISTER, J. George L. Schulz, prior to his death on June 30, 1936, was a director of the Peoples

American State Bank, of Saginaw, and owned 150 shares of stock therein. In October, 1934, a statutory assessment of 100 per cent. was levied against his stock, the bank having previously closed. Eight days before he died, Mr. Schulz deeded his homestead, consisting of a house and lot in Saginaw, to his three daughters for one dollar and other valuable consideration, reserving a life interest therein to himself. The property is alleged, in the declaration, to be of the value of approximately $5,000. The bank assessment was approximately $3,000. After his death one of his daughters, Dora S. Mason, was appointed administratrix. Plaintiff receiver of the bank requested the administratrix to bring suit to set aside the conveyance on the ground that it was in fraud of creditors. Upon her refusal, this suit was commenced in her name, as administratrix, by the receiver who is the real party plaintiff. The trial court dismissed the bill of complaint; and plaintiff appeals.

Plaintiff claims that the conveyance, at a time when the grantor owed the stock assessment, left Mr. Schulz insolvent; that there was no adequate consideration therefor, and that the deed was fraudulent as to the receiver and other creditors of the deceased.

On the part of defendants, it is contended that the consideration for the conveyance was the extinguishment of a debt owed by deceased to Dr. Mason, the husband of one of the daughters of Mr. Schulz, in the aggregate of approximately $19,000. This indebtedness, it appears, grew out of the fact that, when Dr. Mason became the son-in-law of Mr. Schulz in 1921, he and his wife agreed to live with Mr. and Mrs. Schulz and contribute half of the living expenses for the two families. Mr. Schulz had a cigar business at the time and afterward lost it due to

financial conditions; and from 1923 on, Dr. Mason paid practically all of the expenses of both families. Included therein were taxes totaling almost $3,000, as well as contributions to the payment of the various expenses attendant upon the illness of Mrs. Schulz, who died in 1935.

There is considerable testimony to substantiate the amount of the indebtedness as claimed, as well as evidence of statements of deceased during his last years that Dr. Mason and his wife were "paying for everything" and that "we can't give them back what we owe them." It is the contention, made on the part of the defendants, that Dr. Mason consented that the indebtedness to him could be paid by the conveyance from Mr. Schulz to his three daughters, one of whom was the wife of Dr. Mason; and such would not have been an improbable or unreasonable arrangement under the circumstances, as there appears to have existed a most harmonious relationship between Mr. Schulz and all of his daughters and their husbands, resulting in an unusually admirable and affectionate family group. However, to such contention it is answered by plaintiff that there is no evidence that can be said to prove that Mr. Schulz and Dr. Mason agreed that the indebtedness in question should be, or was, liquidated by the conveyance; and that the record does not reveal that Dr. Mason accepted the execution of the conveyance in discharge of his debt.

On a careful review of the record we agree with this contention. None of the daughters could testify in the case on their own behalf, because they were opposite parties within the prohibition of the statute excluding evidence by the survivor. 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914). Dr. Mason's testimony was objected to on the same ground; and the evidence of George Schulz, a son of the de-

ceased, could not be said to establish sufficiently the fact that there was an agreement to cancel the indebtedness.

But we are persuaded that the burden of proof of showing that the conveyance was fraudulent was upon the plaintiff making such claim. Assuming that it was shown that the conveyance rendered Mr. Schulz insolvent, can it be said that the plaintiff established fraud? Under the uniform fraudulent conveyance act (3 Comp. Laws 1929, § 13392 *et seq.* [Stat. Ann. § 26.881 *et seq.*]), it is provided:

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." 3 Comp. Laws 1929, § 13395 (Stat. Ann. § 26.884).

"Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." 3 Comp. Laws 1929, § 13398 (Stat. Ann. § 26.887).

In 27 C. J. p. 798, it is said:

"The rule in many jurisdictions is that a creditor whose debt existed at the time of a conveyance by his debtor purporting to be based on a valuable consideration has the burden of proving that the recitals of consideration in the deed are false; and this rule also applies where the conveyance was to pay or secure a preexisting debt."

While the rule is different in some jurisdictions (C. J., *supra*), in this State, where a sale of property is attacked as fraudulent as to creditors, the

burden of proof is on the attacking party to establish such fraud. *Kipp* v. *Lamoreaux,* 81 Mich. 299.

In *Brace* v. *Berdan,* 104 Mich. 356, 359, 360, the court said:

"I also think it was error to charge the jury that the burden was upon the plaintiffs to negative fraud in the transaction. Fraud is never presumed, and the burden should never be imposed upon a party to show affirmatively that no fraud exists in a transaction. While the fact that the mortgage was given for a greater sum than the amount due is a circumstance which may be taken into consideration by the jury, and while admittedly, if it is made for a greater amount than the indebtedness owing, for the purpose of hindering or delaying creditors, it amounts to fraud in law, yet I do not understand that the burden of proof shifts. Such seems not to have been the view of the circuit judge, but he states that the burden of proof is upon the plaintiffs in the case, 'they deriving their right and their claim through the mortgage.' I think it is not the rule of law that a person deriving his claim through an instrument of conveyance or a security has the burden of proof to show that the instrument is not fraudulent."

It should be remarked that the rule is different where a judgment creditor files a levy and proceeds by bill in aid of execution, the burden of proof in such case, according to the statute, being upon the judgment debtor to show that all transactions are in all respects bona fide. 3 Comp. Laws 1929, § 14617 (Stat. Ann. § 27.1581).

There is no question that in this State a debtor can prefer one creditor to another, although, at the time of such preference, the debtor may be insolvent; but such preference will not be held fraudulent on that account. *Bankers Trust Co.* v. *Humber,* 263 Mich. 426.

We are of the opinion that in this case the burden was upon the plaintiff to show inadequate consideration for the deed, and that because of failure to carry this burden, the trial court was correct in its determination.

It seems pertinent to remark that in this case, from our examination of the record, we find no indicia of fraud, and for that reason suggest none of the various inferences that might be drawn, or presumptions that might be otherwise indulged.

The proofs can be said to establish an indebtedness from deceased to Dr. Mason in excess of $19,000; and that, although the deceased recognized this obligation, Dr. Mason, having the debt in mind, approved and encouraged the disposition of the real estate as carried out by Mr. Schulz, knowing of the desire of his father-in-law to make some provision for his daughters, as well as to pay the debt. If deceased had conveyed to Dr. Mason directly in payment of the debt, there would be no question of adequate consideration; and there would be no prohibition in law against thus preferring a creditor. Under such circumstances there would be no ground for considering such a transaction fraudulent. It has been held that there may be a reasonable presumption that an advancement made by an insolvent parent to his child to whom he was indebted was made with the intention of liquidating the indebtedness. *Patton* v. *Walker's Trustees* (Ky. App.), 118 S. W. 312.

Furthermore, if Dr. Mason had agreed that the conveyance be made to the three daughters in payment of the debt, such conveyance would be based upon an adequate consideration. There was no evasion or concealment of the transaction, or bad faith. Upon the question of consideration, it would appear that the only ones who knew exactly what

the understanding was, were Dr. Mason or the three daughters, who could not testify on their own behalf; who were available to plaintiff as witnesses for the purpose of inquiring into the question of consideration; and whom the plaintiff did not call to show inadequacy of consideration. The reservation of a life estate by Mr. Schulz was not in this case a badge of fraud. It was not a secret reservation. And any interests retained thereunder by him would have been available to creditors.

There were no circumstances in this case which placed the burden of proof, or the burden of proceeding with the evidence, upon the defendants to show that the conveyance was not fraudulent and was based upon adequate consideration. The burden of proving fraud was upon plaintiff. Failing in this, he did not establish his claim.

Decree affirmed, with costs to defendants.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.