FRICKE *v.* ABBOTT.

1. DEEDS—CONSIDERATION—CONVEYANCE FROM HUSBAND TO WIFE.
   Advancements of sums of money by wife from her separate funds may properly constitute a consideration for the husband's deed to her of his interest in real estate, hence such deed was not a fraud upon his creditors.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 16 Am Jur, Deeds § 57 *et seq.*
[3] 49 Am Jur, Statute of Frauds § 407.
[5] 19 Am Jur, Equity § 127.

2. SAME—CONSIDERATION—ARREARAGE IN TEMPORARY ALIMONY.

An arrearage in temporary alimony' which accumulated prior to dismissal of suit for divorce would not constitute a valid consideration for deed from husband to her after the dismissal.

3. FRAUDS, STATUTE OF—INTERESTS IN LAND—TRANSFERS.

Interests in land and transfers thereof must be in writing (CL 1948, § 566.106).

4. EQUITY—FRAUD—INSOLVENCY—EVIDENCE.

Fraud and insolvency must be established by proof, mere assertion thereof as a basis for relief in equity being insufficient.

5. SAME—JURISDICTION TO GRANT COMPLETE RELIEF.

Equity may retain jurisdiction to grant complete relief, once having acquired jurisdiction of all parties in interest.

6. TRUSTS—CONVEYANCE BY TRUSTEE TO HIMSELF AND WIFE.

A new trustee is ordered appointed in suit to set aside deeds from present trustee to a third person and from third person to the trustee and his wife to make division and liquidation of trust assets under supervision of trial court to which cause is remanded.

Appeal from Wayne; Moynihan, Jr. (Joseph A.), J. Submitted June 8, 1962. (Docket No. 29, Calendar No. 49,313.) Decided December 7, 1962. Rehearing denied January 11, 1963. Reconsideration denied March 8, 1963.

Bill by Esther L. Fricke and Marylyn B. Knack against Louis Abbott, Frances Abbott and Sam Kaplan to remove Louis Abbott as trustee, to set aside deeds of trustee and third party placing property in trustee and wife, and for partition of property or distribution of proceeds thereof. Cross-bill by defendant Louis Abbott seeking relief against Marylyn B. Knack and her husband Harold J. Knack by way of specific performance of agreement assigning interest in property in consideration of cancellation of obligation. Interests of plaintiff Fricke and defendant Kaplan determined by agreement and settled. Decree setting aside deeds intended to place property in names of defendants Louis Abbott and

Frances Abbott, setting aside assignment of interest by Harold J. Knack to plaintiff Marylyn B. Knack, and denying relief on cross-bill of defendant Louis Abbott. Plaintiff Marylyn B. Knack appeals. Defendants Louis Abbott and Frances Abbott cross-appeal. Modified and remanded for appointment of new trustee and for liquidation and distribution of proceeds, with interest of plaintiff Marylyn B. Knack recognized.

*Ralph W. McKenney* and *A. J. Thomas,* for plaintiff Marylyn B. Knack.

*Sugar & Schwartz,* for defendants Louis Abbott and Frances Abbott.

ADAMS, J. This case involves a contest for a 1/2 interest in land created by a trust agreement, dated January 15, 1952. The original parties were Louis Abbott, Harold J. Knack, Sam Kaplan, and Carl A. Fricke. By a supplemental agreement, dated September 26, 1956, the parties agreed that the property could be sold for approximately $46,000, and that their interests in the property were as follows: Esther L. Fricke 1/6, Louis Abbott 1/6, Sam Kaplan 1/6, and Harold J. Knack 1/2. Title to the property was held by Louis Abbott, as trustee.

Louis Abbott and Harold J. Knack had been engaged in a number of transactions. As a result of one of them, Knack executed a promissory note dated November 16, 1955, to Abbott for $15,000. The note was marked "paid" December 31, 1956, at which time Knack raised and paid Abbott $12,000 by a bank loan with Abbott's personal check as collateral for the loan. Abbott took a $3,000 tax loss on the note. Ten days later the bank loan was repaid by Abbott's check. Knack executed a new note to Abbott, dated January 9, 1957, for $15,000.

At a Florida meeting of the Knacks and Abbotts in August, 1958, the question of Knack's indebtedness to Abbott was discussed over a period of about a week. On August 6, 1958, Knack signed a receipt for $7,773.59 paid to him by Louis Abbott in connection with 1 of their transactions. Payment was made by checks that Knack indorsed back to Abbott to be applied on Knack's indebtedness. The receipt further acknowledged a balance due to Abbott from Knack, evidenced by a promissory note. It appears that the note referred to was the $15,000 note last executed by Knack. Mrs. Knack was present at the Florida meetings though she was separated from her husband. She prepared the rough draft of the receipt in settlement of account between Abbott and Knack.

On September 13, 1958, Knack assigned his 1/2 interest in the trust property to his wife. The alleged consideration for the assignment was $5,000 of Mrs. Knack's separate funds loaned to her husband shortly after their marriage in 1946, and certain court orders for her support during a divorce action that was discontinued prior to the assignment.

On September 25, 1958, Abbott, trustee, attempted to convey title to the property to himself and wife by deeding to a straw party and by deed back. Abbott did not cancel the promissory note of Knack. He continued to write to Knack for payments in connection with the property.

This suit was brought by Marylyn B. Knack to assert her interest in the property. The interests of Esther L. Fricke, the other plaintiff, and Sam Kaplan, defendant, are not contested. Defendant Abbott filed a cross-bill seeking cancellation of the conveyance to the plaintiff, alleging the $15,000 indebtedness, which was also alleged in answer to the bill of complaint.

The trial judge found that a purported oral conveyance during the August, 1958, discussions between Knack and Abbott was of no force and effect; that the conveyance by Abbott to himself and wife through a straw party was invalid; that the assignment by Harold Knack to Marylyn Knack was invalid for lack of consideration. A decree was entered accordingly. Appeal and cross-appeal followed.

The first question is the validity of the transfer from Knack to his wife. Was there an adequate consideration for the transfer? The testimony is clear that Mrs. Knack had advanced to her husband considerable sums of money, which would provide a consideration for the deed. *Mason* v. *Mason,* 296 Mich 622; *Peaslee* v. *Collier,* 83 Mich 549; *Buhl* v. *Peck,* 70 Mich 44; *Darling* v. *Hurst,* 39 Mich 765. In addition to the sums of money loaned by Mrs. Knack to her husband, there was a temporary alimony arrearage of approximately $15,000. However, the divorce suit had been dismissed on November 1, 1957, and any amount previously, but no longer, due thereunder would not be an enforceable obligation or a valid consideration for the transfer.

Did Abbott establish Knack's indebtedness to him in view of the confused and sometimes conflicting transactions of the parties? The indebtedness was recognized by Knack as late as August 6, 1958. We find that Knack was indebted to Abbott at the time of the transfer to Mrs. Knack in 1958 and that Mrs. Knack was aware of the indebtedness by reason of her presence at the Florida meetings.

Was the indebtedness secured by the property and did Abbott have the authority to transfer the property from himself as trustee to himself and his wife in their individual right? Reliance for the authority to do this is based upon oral agreements supposedly

arrived at at the Florida meetings. The law is clear that interests in lands must be in writing. The lack of writing is fatal to Abbott's claim of authority to make a transfer to himself and his wife either as a security arrangement or as satisfaction of the debt. CL 1948, § 566.106 (Stat Ann 1953 Rev § 26-.906).

Was the transfer to Mrs. Knack invalid as a fraud on creditors because of the insolvency of Knack? Fraud and insolvency must be established. *Dean* v. *Torrence,* 299 Mich 24; *Jaffe* v. *Ackerman,* 279 Mich 304; *Darling* v. *Hurst, supra; Peaslee* v. *Collier, supra.* Knack is not a party to this suit. He was not called as a witness, nor was adequate proof of fraud and insolvency offered by any other means. Their mere assertion do not make them out.

Since the assignment to Mrs. Knack was valid and for an adequate consideration, should the court afford her relief? The Court now has jurisdiction over all interested parties and the subject matter of this lawsuit. Only by some form of legal action will the difficulties of the parties be resolved. This can better be done in the present suit in chancery than by leaving the matter in such a posture that further legal proceedings must inevitably follow. Equity having an acquired jurisdiction may retain it to grant complete relief. *Jeffery* v. *Lathrup,* 363 Mich 15; *Vande Vooren* v. *McCall,* 360 Mich 199.

A new trustee should be appointed to hold title to the property as the interests of the various parties are herein determined or have been agreed upon. The trustee should take whatever steps may be necessary under the supervision of the court for division or liquidation and distribution of the same. The case is remanded to the circuit court for further

proceedings in accordance with this opinion. Costs to appellant.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.